*Fairfield,*
June, 1836.

Botsford
*v.*
Beers.

---

## Botsford *against* Beers and others.

Where a bill in chancery to obtain the legal title to certain lands, averred, that *C* being indebted to *B*, as the executor of *A*, *B* brought a *scire-facias* against *C*, on a previous judgment rendered upon that demand; recovered judgment against *C*, on such *scire-facias*; took out execution and had it levied, in due form of law, upon the lands in question, which were regularly set off to *B*; that such lands, by virtue of the levy, were the just estate of *B* in equity, but he had no title thereto at law; that they were purchased and paid for, by *C*, who was in equity the sole proprietor; that *C* was deeply embarrassed with debts, and in order to cover and protect the premises from his creditors, he procured the conveyance to be made to his son, *D*, who received the conveyance and took possession of the property, as trustee of *C*, and for his benefit; that such conveyance was made and received with intent to defraud the creditors of *C*, without any thing paid, or to be paid, by *D*: on a general demurrer to the bill, it was held, 1. that *B*, as the executor of *A*, had *prima facie* a sufficient interest to entitle him to bring the bill; 2. that it need not be stated in the bill, in terms, that there is not adequate remedy at law, it being sufficient if it appear from the facts disclosed in the bill, that such remedy does not exist; 3. that it was sufficient to aver in the bill, that the execution was levied upon the lands, in due form of law, without detailing the facts requisite in the officer's return to constitute a valid levy; 4. that the want of an averment that there were not other lands of *C*, the legal title to which was in him, upon which the execution might have been levied, was not a fatal defect, it being sufficient, if the plaintiff shew, that he has done all that he could

*Fairfield,*
June, 1836.

Botsford
*v.*
Beers.

have done to obtain a title to the *thing sought;* 5. that lands fraudulently conveyed are liable to the creditors of the fraudulent grantor, and a court of chancery will give its aid to perfect the title of the levying creditor; and consequently, the demurrer was overruled.

THIS was a bill in chancery to obtain the legal title to real estate.

The bill stated the following case. On the 20th of *November,* 1822, *Amos Shepard* and *George Shepard* were justly indebted to the plaintiff, as executor of *Moses Botsford,* deceased, in the sum of 917 dollars, 19 cents, for so much money, by the plaintiff, as such executor, before that time paid, laid out and expended to and for their use, and at their special instance and request. On the 1st of *March,* 1834, the plaintiff brought a writ of *scire-facias* against them, on a previous judgment rendered upon said demand, and upon such *scire-facias,* before the county court held on the third *Tuesday* of *April,* 1834, recovered judgment against them, on their default, for the sum of 929 dollars, 82 cents. On this judgment an execution was issued, which, on the 26th of *June,* 1834, was levied, in due form of law, upon two pieces of land in *Newtown,* called the *Glover* farm, containing about 125 acres, belonging to said *Amos* and *George Shepard* as tenants in common; and on the 30th of *June,* 1830, the officer set off to the plaintiff, in due form of law, the whole of the first piece of land, at the sum of 225 dollars, as valued by the appraisers, in part satisfaction of the execution, and 37 acres, 1 rood and 17 rods, on the *East* part of the second piece, at the sum of 19 dollars, 73 cents, *per* acre, as valued by the appraisers, in full satisfaction of the execution, and of all fees and charges thereon. The officer afterwards, within the life of the execution, caused it, with the endorsement of his doings thereon, to be recorded at length in the land records of the town of *Newtown,* and to be returned into the office of the clerk of the county court. This land is now, by virtue of such levy, the just estate of the plaintiff in equity; but he has no title to the same at law.

On the 20th of *March,* 1810, *Elias Glover* was seised in fee of the land in question. At this time, he was indebted on a promissory note, given by him to *Æneas Monson* and *Titus Street,* dated the 5th of *April,* 1799, for the sum of 976 dollars, which then belonged to *Amos* and *George Shepard.* A judgment was recovered on this note, in the name of *Monson* and

*Street,* as it was not negotiable, but for the benefit of *Amos* and *George Shepard,* against *Glover,* for the sum of 1614 dollars, 63 cents, damages, and costs ; execution was issued thereon ; and on the 23rd of *June,* 1810, it was levied on the premises, as the property of *Glover,* subject to a mortgage to *Daniel Beers ;* and the premises were, in due form of law, set off to *Monson* and *Street,* in trust and for the sole benefit of *Amos* and *George Shepard.* They then procured a deed of release, dated the 17th of *October,* 1811, to be executed by *Monson* and *Street,* to *Peter Shepard,* the son of *George,* and *Henry Shepard,* the son of *Amos.* They also purchased in the right of *Beers* as mortgagee, paying him 1778 dollars, 18 cents, the amount due him on the mortgage, and procured a deed from him, dated the 1st of *February,* 1812, to said *Peter* and *Henry,* who thereupon took possession of the premises, as the trustees of *Amos* and *George,* the sole proprietors thereof in equity. These conveyances to *Peter* and *Henry* were procured to be made, and were by them received, with the intent to defraud the creditors of *Amos* and *George Shepard,* who were then deeply embarrassed with debt, without any valuable consideration paid, or to be paid, by the grantees, or either of them. On the 10th of *March,* 1827, *Peter Shepard* died, in possession of the premises on which the plaintiff's execution was levied, leaving a widow, who claims dower, and a daughter, the wife of *Lemuel Beers,* who is in possession.

After stating these facts, the plaintiff, in his bill, averred, that he had a just right, as executor of *Moses Botsford,* to the lands on which his said execution was levied ; which lands are of the value of 900 dollars and upwards ; but inasmuch as the legal title to the same was never vested in said *Amos* and *George Shepard ;* and for the fraudulent purposes aforesaid, the title of said *Elias Glover* and of the incumbrances thereon, was transferred to said *Peter* and *Henry ;* he is not able, without the aid of this court, to obtain a legal title to and possession of the premises.

There was a general demurrer to the bill ; and the case was thereupon reserved for the advice of this court.

*Betts* and *Dutton,* in support of the demurrer, contended, 1. That it does not appear from the bill, that the plaintiff has such an interest as to entitle him to come here. He sues as

the executor of *Moses Botsford;* but the facts stated shew, that if he has any claim, it is as an *individual.*

2. That if the bill states a claim in favour of the plaintiff *as executor,* it is not sufficiently stated. It does not appear by *what court* the judgment, on which the *scire-facias* issued, was rendered; whether it was a court that had jurisdiction of the cause; or whether the judgment was one upon which the *scire-facias* afterwards brought, would lie. The only description of the judgment is " a previous judgment rendered."

3. That it is not averred, nor does it appear, that the plaintiff has not remedy at law. The usual averment that the plaintiff is without remedy at law, is omitted; and the matters stated do not supply its place. The *Shepards* may have had personal property, or other real estate, abundantly sufficient to satisfy the execution. There was no search for other property. No demand even was made upon them. To entitle himself to the aid of a court of chancery, the plaintiff must shew, distinctly and unambiguously, that he has done every thing in his power to obtain satisfaction of his debt, by proceedings at law, and that he has failed, without any fault of his own: in other words, he must exhaust his legal resources, before he calls upon chancery to help him. *Shepard* v. *Shepard & al.* 6 *Conn. Rep.* 37. *Brinkerhoff & al.* v. *Brown & al.* 4 *Johns. Ch. Rep.* 671. *McDermut & al.* v. *Strong & al.* 4 *Johns. Ch. Rep.* 687.

*Sherman,* contra, insisted, 1. That the plaintiff had shewn himself entitled to sue as executor. The *Shepards* were indebted to him as executor, for moneys which he, as executor, had paid for their use. For this demand he recovered a judgment against them. It thus became *res adjudicata.* To render the judgment available, a *scire-facias* was brought upon it, and an execution issued. This belonged to the estate of *Moses Botsford.*

2. That the judgment is sufficiently described. The cause of action, also, appears; though it was not necessary to state it.

3. That it sufficiently appears from the bill, that the plaintiff is remediless at law. In equity, he has a perfect title to this land; but he has not the legal title. Has he not done all that he could do, to obtain it? He is not obliged to look after

*other* property, on which he has no claim, and to which he seeks no title.

4. That chancery will assist the plaintiff to reach this land, thus out of the reach of an execution at law. *Hadden* v. *Spader* & al. 20 *Johns. Rep.* 554. *Whittlesey* v. *Mc Mahon* & al. 10 *Conn. Rep.* 137.

Bissell, J. One ground taken in support of this demurrer, is, that it does not appear from the facts stated in the bill, that the plaintiff, as the executor of *Moses Botsford,* has any interest whatever.

It is stated in the bill, that *Amos* and *George Shepard* were indebted to the plaintiff, *as executor ;* and that, *in that capacity,* he recovered a judgment against them. It would seem, under this demurrer at least, that any enquiry into the original cause of action is precluded ; that it is *res adjudicata,* and is merged in the judgment.

True it is, these defendants were not parties to that judgment, and are not bound by it. It is open to be impeached by them, on the ground of fraud, or collusion, or for any other sufficient cause. But the enquiry here is, whether the plaintiff has stated a case, which shows *prima facie,* that he has an interest ? Whether admitting all the facts stated in the bill to be true, (and they are all admitted by the demurrer,) a case is presented for the defendants to answer ? Upon this point we entertain no doubt. We think such a case is stated. And indeed, this objection has not been much insisted upon, in the argument.

But it is strongly objected, that the plaintiff has adequate remedy at law ; and that the bill contains no averment to the contrary.

In regard to the sufficiency of the averment, it may be remarked, that it need not be stated *in terms,* that there is not adequate remedy at law. It is enough if it appear from the facts disclosed in the bill, that such remedy does not exist. What then, are the averments contained in this bill ? It is averred, that the lands in question were purchased and paid for, by *Amos* and *George Shepard ;* and that they were in equity the sole proprietors : that they were deeply embarrassed with debts ; and in order to cover and protect the premises from their creditors, they procured the conveyance to be made

to *Peter* and *Henry Shepard,* who took and received the conveyance and took possession of the property, as the trustees of *Amos* and *George,* and for their sole interest, benefit and behoof: that the said *Peter* and *Henry* never paid any thing, or were to pay any thing for the premises, or to have any title thereto : that the conveyance was so made, and so received, with intent to cheat and defraud the creditors of *Amos* and *George Shepard :* that the plaintiff has levied his execution upon the lands, as their property, and has thus become vested with all their equitable rights : and he comes into this Court in order to obtain the legal title. Upon this statement, the case would seem to be entirely free from difficulty, and to fall precisely within the principle settled, by this Court, in *Whittlesey* v. *McMahon,* 10 *Conn. Rep.* 137.

But it is said, that for aught that appears, there was abundant personal property of *Amos* and *George Shepard,* which might have been taken to satisfy this execution.

It is averred in the bill, that the execution was levied upon the lands in question, *in due form of law.* This could not be, if sufficient personal property was shown, or to be found within the precincts of the officer. The objection proceeds upon the ground, that the pleader should have set forth every fact, in the bill, which was requisite, in order to constitute a valid levy—every fact, which the return of the officer on the execution, if set forth, would have shown. Can this be necessary? And can this want of detail be insisted on, under a general demurrer? We think not. In *Hobart* v. *Frisbie,* 5 *Conn. Rep.* 592., it was alleged, that the land was duly and legally levied upon, and set off on the execution in due form of law; but it was not averred, that the execution was returned and recorded. And for want of such an averment, the bill was held to be insufficient. And it was also held, that the want of such an averment was not aided, by the allegation that the execution was duly and legally levied ; because, say the Court, " the expression ' *duly levied,*' has no reference or allusion to the acts of the town-clerk."

But it is further insisted, that for any thing that appears in this bill, there were other lands of *Amos* and *George Shepard,* the *legal title* to which was in them, and upon which this execution might have been levied ;—and that the plaintiff must show, that he has done all which, *at law,* he could have done,

*Fairfield,*
*June, 1836.*

Botsford
*v.*
Beers.

to enforce the payment of his debt. In support of this proposition the case of *Brinkerhoff* v. *Brown,* 4 *Johns. Ch. Rep.* 671. has been pressed upon us. That case only proves, that the party seeking the aid of a court of chancery, must show, that he has taken out execution, and availed himself of it, to every extent. The doctrine of this, and the other cases cited, is, that the party must have done all he could have done to obtain a title *to the thing sought,* before he can claim the interposition of a court of chancery.

But the objection now interposed takes broader ground. It is not, that the party has not done all in his power to obtain a title to the lands in question ; but it is, that there might have been, and for aught that is shown, there were, other lands, upon which the execution might have been levied ; and a title to which might have been acquired without the aid of this court.

Does this objection furnish any answer to the plaintiff's bill? We think not. For we suppose the principle too well settled to admit of controversy, that lands fraudulently conveyed are still open to the creditors of the fraudulent grantor ; and that a court of chancery will give its aid to perfect the title of the levying creditor, where such aid is necessary. And we are yet to learn, that it is any defence, either at law or in chancery, that there are other lands, which might have been taken ; and that the debtor is not insolvent. All this may be very proper evidence to show, that the conveyance was not fraudulent. But upon what principle it is, that these facts can be set up, by a fraudulent grantee, to protect a conveyance admitted to be fraudulent, we are at a loss to discover.

The superior court is to be advised, that the bill is sufficient.

The other Judges concurred in this opinion.

Demurrer overruled.