Cruger *et al. vs.* Coleman & Newsom.

---

CRUGER *et al. vs.* COLEMAN & NEWSOM.

Where a woman, who was a defendant in judgment, was alone interested in property and its income during her life, but such property could not be reached by levy and sale under the judgment against her, because it was an executory trust, the title being in a trustee, a court of equity would take charge of the property and appropriate the income to the payment of the debt.

(a.) The life usee having died, the money in the hands of the receiver would be paid either to her administrator or to her creditors. If paid to her administrator, he would have to pay the creditors, and a court of equity having jurisdiction, will avoid circuity by ordering immediate payment to the creditors.

October 27, 1885.

Equity. Trusts. Debtor and Creditor. Before Judge BOWER. Dougherty Superior Court. October Term, 1884.

Reported in the decision.

SMITH & JONES; D. A. VASON, for plaintiffs in error.

G. J. WRIGHT; C. B. WOOTEN, for defendants.

BLANDFORD, Justice.

The defendants in error obtaine da judgment against Mrs. E. A. Cruger upon an account, and caused an execution issued on said judgment, to be levied on certain property as the life estate of Mrs. Cruger. This was claimed by the trustee for Mrs. Cruger. The case came before this court at the August term, 1877, (59 *Ga.*, 718), when this court held that the property was not subject to levy and sale; that the trust was executory, and that the interests of the life tenant, Mrs. Cruger, could only be subjected to the payment of her debts by equitable proceedings. The defendants in error then filed their bill in equity against Mrs. Cruger and her trustee, and upon this bill a decree was rendered, appointing the trustee a receiver to hold the property in which Mrs. Cruger had a life estate, and from the rents, issues and profits thereof, that the debt of Coleman & Newsom be paid. This decree is excepted to, and error is assigned thereon.

This court decided that Mrs. Cruger had a life estate in the property placed in the hands of the receiver, but that the trust was executory, and that the trustee had the legal title, and the same was not subject to levy and sale. See the case cited above. But for the trust being executory, the property would have been liable to levy and sale. The income of the property is liable in equity to be applied to the debt of Mrs. Cruger; no one else is in any way concerned therein; it is hers, and while a court of law cannot reach it, a court of equity will appropriate it to the payment of her debts, and this is, in effect, the ruling of this court in *Kupferman vs. McGehee, trustee*, 63 *Ga.*, 250. And this seems plain right and justice; that wherever the debtor alone is interested in property, and the property cannot be reached by process of the common law courts, that a court of equity will appropriate the income of the property to the payment of the debts of such debtor. In this case, Mrs. Cruger is dead

and the money in the hands of the receiver will either have to be turned over to her administrator or paid to her creditors; if paid to the administrator, he would have to pay the creditor. A court of equity, under these circumstances, having jurisdiction of the case, will decree its immediate payment to* the creditor, which will end this litigation.

Judgment affirmed.