ANNIE E. MAYNARD *vs.* LUCY A. CLEAVES & another.

Suffolk.    March 28, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Devise of Income — Equitable Attachment — " Comfort and Support."*

A testator, by his will, gave to his wife during her life the income of all his estate,
" to be for her comfort and support," expressing a wish that she provide for
an unmarried daughter, and that a "house and grounds" be kept "as a home
for them."    *Held*, that after the daughter's death the wife had the absolute
disposal of the income during her life, and that it might be reached by her
creditors.

BILL IN EQUITY, under the Pub. Sts. c. 151, § 1, cl. 11, filed
in the Superior Court, to reach and apply, in payment of a
debt due to the plaintiff from the first named defendant, her
interest in the estate of her husband, Nathaniel Cleaves, held
by the other defendant, Henry S. Bean, as the executor of his
will.    At the hearing, before *Pitman*, J., the following facts
appeared.

The will, which was dated October 4, 1878, and was admit-
ted to probate on October 18, 1880, omitting the parts merely
formal, was as follows :

" 1. I give and bequeath to my beloved wife, Lucy Ann
Cleaves, for and during her life, the use, income, and benefit
of all my estate, both personal and real, and wherever the same
may be found or located at the time of my decease ; to be for
her comfort and support, and I trust that she will make suit-
able provisions for the support of our daughter, Mary Theresa
Cleaves, if unmarried.    It is my desire that the house and

grounds, No. 567 Dudley Street, in said Boston, now occupied by me, shall be kept as a home for them.

" 2. At the decease of my wife, Lucy Ann Cleaves, should she survive me, I devise, give, and bequeath all my estate, both personal and real, share and share alike, to my children, Mary Theresa Cleaves, Ann Elizabeth Bean, wife of Henry S. Bean, Nathaniel Porter Cleaves, Joshua Cleaves, and James Henry Cleaves, and to their legal representatives according to the law of inheritance.

" 3. I nominate my son-in-law, Henry S. Bean, to be the executor of this will."

Since the probate of the will, Bean has paid to Lucy A., who is eighty years old, the net income of the estate, without any restriction or limitation as to its use. Mary Theresa Cleaves died before the filing of the bill.

The judge reported the case for the determination of this court, upon the question whether the plaintiff was entitled to have the net income of the estate held by Bean, as executor, applied to the payment of the debt, such decree to be entered as law and justice might require.

*Z. S. Arnold*, for the plaintiff.

*H. E. Ware*, for the executor.

MORTON, C. J.    By his will Nathaniel Cleaves gives to his " wife, Lucy Ann Cleaves, for and during her life, the use, income, and benefit of all my estate, both personal and real, and wherever the same may be found or located at the time of my decease ; to be for her comfort and support, and I trust that she will make suitable provisions for the support of our daughter, Mary Theresa Cleaves, if unmarried. It is my desire that the house and grounds, No. 567 Dudley Street, in said Boston, now occupied by me, shall be kept as a home for them."

The question in this case is, whether the interest of Lucy Ann Cleaves under this will can be reached in equity by her creditors, and applied in payment of the debts due them by her. It is settled in this Commonwealth, that a testator who makes a gift of income to a beneficiary may provide that it shall not be alienable in advance by him, or be subject to be taken by his creditors.    But in order to give such a qualified estate instead of an absolute one, the language of the testator must be such as

clearly to import an intention to do so. *Broadway National Bank* v. *Adams*, 133 Mass. 170. *Foster* v. *Foster*, 133 Mass. 179. *Sears* v. *Choate*, 146 Mass. 395.

In the case at bar the testator makes an absolute gift of the whole income of his estate to his widow for her life. The words " to be for her comfort and support," at most, express the motive and purpose of the gift, but cannot be held to make the gift conditional. They have little, if any, more significance than the words " to be for her benefit and enjoyment," and are not sufficient to cut down the clearly expressed absolute gift to a qualified or conditional one. She has the right, since the death of the daughter, to use the income in any manner she sees fit, and the executor has no right to withhold any part of it on the ground that she does not need the whole for her comfort and support. She has an absolute estate in the income, which she can alienate, and which can be reached by her creditors.

This case is clearly distinguishable from the case of *Baker* v. *Brown*, 146 Mass. 369. There the gift was not of the income of a fund, or of any fixed or ascertainable sum of money. The will gave an estate to the daughters of the testatrix, " subject to the condition that they should support their father during his life." It was decided that, under the circumstances of that case, the intention of the testatrix was that the daughters should furnish the father a reasonable support in their own household or elsewhere, the mode of furnishing his support being in their discretion, and that the interest of the father was such that it could not be reached by his creditors without imposing upon the daughters duties and obligations different from and greater than those imposed by the will.

*Decree for the plaintiff.*