GEORGE S. HUNTINGTON *vs.* WILLIAM P. JONES ET AL.

*First Judicial District, Hartford, May Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

It is not necessary in this State for a creditor to obtain judgment before he can maintain a creditors' bill, since the judgment may be rendered in the very action in which the equitable relief is asked.

If the trustees of a trust fund combine and agree with the beneficiary to pay over to him the income before it accrues, so that it cannot be attached by garnishee process, the creditor's remedy at law is inadequate and he may maintain a complaint in the nature of a creditors' bill.

A testator directed his trustees to apply the income of the trust property to the use of *J* during his life, and authorized them to pay to or expend for *J* such portion of the principal as they in their discretion might deem best. *Held* that the discretion vested in the trustees extended only to the *corpus* of the trust property, the net income from which they were bound to apply "for the use of" *J* as the same was earned and collected; and that in discharging such duty a court of equity might properly require the trustees to apply so much of the income as was necessary to the payment of *J*'s indebtedness to the plaintiff.

Argued May 5th—decided June 1st, 1899.

ACTION of debt on judgment against the principal defend-

———————

*Transferred from third judicial district.*

ant, with a second count in the nature of a creditors' bill for the purpose of reaching and appropriating his interest in a trust estate, brought to the Superior Court in Fairfield County and tried to the court, *Elmer, J.*, upon a demurrer to the complaint and prayers for relief, filed by the defendant trustees only; the court sustained the demurrer and adjudged the complaint insufficient, and the plaintiff appealed for alleged errors in the rulings of the court. *Error and judgment reversed.*

The principal defendant, William P. Jones, made default of appearance, and no judgment in this State had been rendered against him.

The second count alleged that the defendant William P. Jones was indebted to the plaintiff in the sum of $2,796.76, as evidenced by a judgment of the Supreme Court of the State of New York in and for the County of New York; that such judgment was still due and had never been paid in whole or in part; that under the will of his mother, Mary F. Jones, late of Stamford, the said William P. Jones is the beneficiary and equitable owner of the rents, income, interest and profits of a certain portion of her estate, which portion now amounts to the sum of $10,433.65, on which sum the rents, interest, profits and income amount to $500 per year; that the other defendants, Mary M. Jones and Eleanor M. Jones, are, under the said will, the sole executrices and trustees of said sum, and are now in the possession thereof as trustees—the said will having been duly settled—and of the rents, interest, profits and income of the same; that the said William P. Jones has no property or estate from which the payment of the said judgment can be enforced by execution or by any process of a court of law, and has no property or estate whatever other than his equitable estate in the said rents, interest, profits and income.

The complaint also alleged that as to the said principal sum the said trustees, Mary M. Jones and Eleanor M. Jones might, under the provisions of the said will, pay at their own discretion the whole or any part thereof to the said William P. Jones, or omit to do so; and on belief, alleges that the

said William P. Jones and the other defendants, who are his sisters, have combined and agreed to pay to the said William P. the rents and income accruing from the said trust fund, before the same shall from time to time become due and payable, to the end that the same may not be reached by process of foreign attachment; or that the said William P. will assign his interest in said estate, or will obtain payment of the income of said fund in advance of the time when it becomes due, or will procure from the said trustees the immediate advancement of the said fund for the purpose of defeating and preventing the collection of the said judgment debt by the plaintiff.

A copy of the will of the said Mary F. Jones is annexed to and made a part of the complaint. Those portions of the will necessary to be considered, are as follows:—

" *Sixth.* I give, devise and bequeath the remaining three equal undivided fifth parts of all the said rest, residue and remainder . . . to my executor and executrices hereinafter named, . . . to hold the same upon the following trusts, that is to say: to hold one of the said three equal parts for each of my children, Virginia, William P., and Franklin Mott, severally and respectively, and to let and rent the real estate, and to keep the personal estate of each of said fifth parts invested in bonds and mortgages, . . . and to collect and receive the rents, interest and income thereof, and after paying thereout all necessary and legal expenses of my estate, to apply the residue of said rents, interest and income of each and every of the said fifth parts or shares to the use of the child for whom the said fifth part or share shall be so held in trust, during the term of his or her natural life, and upon his or her death leaving lawful issue, to hold the same in trust for such issue . . . and to apply the rents and income of each of said shares to the education and support of said issue respectively during his or her minority, and the principal to be paid, transferred and delivered to them respectively on his or her arriving at the age of twenty one years.

" *Seventh.* . . . And I hereby authorize and empower my said executor and executrices, . . . and the survivors and

last survivor of them, in their discretion or in the discretion of a majority of them for the time being, . . . during the lifetime of each and every of my said children Virginia, William and Franklin, respectively, to pay to or expend for him or her such sum or sums of money out of his or her said fifth part or share of said residue and remainder of my estate, as they or the survivors or last survivor shall deem it to be for the interest of my said child or children, to or for whom such payments or expenditures shall be made, and the trust herein above created shall cease as to the moneys so paid or expended and shall only apply to the residue of said fifth part or share which shall remain in the hands of my executor and executrices. . . .

"*Ninth.* In case of the death of either of my said children, Virginia, William, and Franklin, without having lawful issue, it is my will that the whole of such portion of the said fifth part of the said residue and remainder of my estate as shall then be held in trust for each one so dying, shall go to my then surviving children and the lawful issue of such of them as may have previously died leaving lawful issue then living."

The relief prayed for was (1) a judgment for the said amount of $2,796.76, with interest thereon, against the said William P. Jones; (2) an order to the said trustees to pay to the plaintiff so much of the income, as it shall arise and become payable, as will be sufficient to satisfy the said judgment; (3) an injunction restraining the said trustees from paying over the said income, or the principal of the said fund to the said William P. Jones so as to defeat the plaintiff in the collection of said judgment; (4) an injunction restraining the said William P. Jones from assigning or transferring his interest in the said estate of his mother, the said Mary F. Jones, so as to prevent the collection by the plaintiff of his said judgment.

To this complaint the defendant William P. Jones made no answer. The defendants Mary M. Jones and Eleanor M. Jones, trustees, demurred. There are several grounds of demurrer; but in substance they are that upon the facts alleged the plaintiff is not entitled to have the relief prayed

for, because: (1) no judgment had ever been rendered in this state; (2) the plaintiff had adequate remedy at law; (3) the trustees had absolute discretion.

The Superior Court sustained the demurrer, and rendered judgment that the complaint was insufficient. The plaintiff appealed, assigning as reasons that the court erred in sustaining the demurrer on either and all of the grounds stated.

*Michael Kenealy* and *John E. Keeler*, for the appellant (plaintiff).

*Morris W. Seymour*, with whom was *Howard H. Knapp*, for the appellees (defendant trustees).

ANDREWS, C. J. The demurrer to the first count of the complaint was properly sustained. That count states no cause of action against the demurring defendants.

Counsel do not differ very materially as to the conditions which must exist in order that a creditors' bill may be maintained. Such a bill is one brought to enforce the payment of a debt out of the property of the debtor, under circumstances which impede or render impossible the collection of the debt by the ordinary process of execution. 3 Pomeroy's Equity, § 1415; 2 Beach on Equity, § 883; *Vail* v. *Hammond*, 60 Conn. 374; *Ager* v. *Murray*, 105 U. S. 126, 129; as, for illustration, to reach equitable interests in property belonging to the debtor which could not be reached by an execution at law. *Hadden* v. *Spader*, 20 John. 554; *Spader* v. *Davis*, 5 Johns. Ch. 280; *Whittlesey* v. *McMahon*, 10 Conn. 137; *Botsford* v. *Beers*, 11 id. 369; *Davenport* v. *Lacon*, 17 id. 278, 282; 1 Perry on Trusts, § 386, 386*a; Earle* v. *Grove*, 92 Mich. 285; *Cruger* v. *Coleman*, 75 Ga. 695.

In respect to the second count, the demurrer calls in question, not so directly the sufficiency of the averments therein, as it does the relief claimed. The specifications on which the demurrer is based are, in substance, that upon the facts alleged the plaintiff is not entitled to have the relief he asks, because (1) no judgment has been rendered in this State;

(2) the plaintiff has adequate remedy at law; and (3) the said trustees have an uncontrollable discretion over the fund in their hands, both as to the principal and as to the income Let us examine these reasons separately.

As to the first: In this State it is not necessary that a judgment should be rendered before the creditors' bill is brought. The judgment may be rendered in the very action in which the equitable relief is asked. *Vail* v. *Hammond*, 60 Conn. 374. We think the demurrer should not have been sustained for this reason.

The second: It is alleged in the complaint that the trustees are combining with the said William P. to pay over to him the income in advance, so that in no event could it be reached by process of garnishment. It is certain that the remedy at law is not an adequate one, and that the demurrer should not have been sustained on this ground.

The third reason: So far as the principal sum of the fund is in question, the claim of the trustees seems to be supported by the authorities they have cited. *Smith* v. *Wildman*, 37 Conn. 384; *Leavitt* v. *Beirne*, 21 id. 1, 8; *Easterly* v. *Keney*, 36 id. 18, 22. As to the income, however, we are not able to concur with them. The discretion with which they are invested by the will of their mother, Mary F. Jones, is limited to the principal of the fund. It does not extend to the income. As to the income their duty is to apply it " for the use of " the child for whom the said share shall be held in trust. The principal sum here is the share held in trust "for the use of " William P. Jones. The duty of the trustees is to apply the whole net income of this principal sum for the use of the said William P., and they must so apply it at such reasonable times as the income is earned and is collected. William P. Jones, the beneficiary, has such an interest in the income that if the trustees refused to perform their duty in this behalf he might, by a proper proceeding in equity, compel them to do so. As the beneficiary could do this, so a creditor of the beneficiary may do it. Equity allows the creditor to avail himself of the interest which the beneficiary has. *Maynard* v. *Cleaves*, 149 Mass. 307; *Sears* v. *Choate*, 146 id.

395, 398; *Sparhawk* v. *Cloon*, 125 id. 263; *Evans* v. *Wall*, 159 id. 164; *Wetmore* v. *Wetmore*, 149 N. Y. 520; *Halsted* v. *Davison*, 10 N. J. Eq. 290; 2 Beach on Equity, § 883, and cases cited. Surely if the income was used to pay house rent, or a grocer's, or a butcher's, or a coal man's bill, due from William P., it would be applied "for his use" within the meaning of the words of the will. Why not then pay other of his debts? Very often to pay the debts of one would be to apply money "for his use," in a higher degree and in a more serviceable form than in any other way. It is possible that the debt sought to be collected in this case includes in it bills for one or more, or all of the sorts above indicated; and if the trustees apply the income to pay this debt, they will very clearly apply it "for the use of" their brother, William P. Jones, and for the very purposes intended in their mother's will. It seems to us that if they refuse so to apply the income they may properly be required by a court of equity to make such application.

There is error and the judgment is reversed.

In this opinion the other judges concurred.