A. McClellan Mathewson, Overseer of the Turkey Hill Indians, *vs.* Eunice A. Wakelee et als.

Third Judicial District, New Haven, January Term, 1910.
Baldwin, C. J., Hall, Prentice, Thayer and Roraback, Js.

Trust property which can be traced and identified, however changed in form, remains subject to the trust and to the rights of the beneficiaries; but the mere fact that one had trust funds in his possession seven years before his death and failed to account therefor, will not warrant a court of equity in impressing a trust upon his estate in the hands of his remote distributees thirty years after his death.

The proper course for the beneficiaries, or their representative, to pursue in such a situation, is to present a claim against the decedent's estate for the amount or value of the trust property, and, upon its allowance, to seek the assistance of a court of equity in reclaiming the assets of the estate, to the end that they may be appropriated, so far as may be necessary, to the satisfaction of the claim thus established.

These two steps, while independent, may be taken in a single proceeding, especially since the abolition, by the adoption of the Practice Act, of all distinctions between procedure at law and in equity.

The administrator is an essential party to any proceeding to establish the claim, and also to a suit against some of the distributees, if their rights as to possible future contribution from others are to be fully protected.

The plaintiff having been appointed by the Superior Court in 1909 an overseer of a tribe of Indians, alleged that his immediate predecessor in that office, one *W*, an ancestor of the defendants, sold, in 1871, certain land belonging to the tribe, and reported the sale to the court with a statement that he had deposited the avails

thereof in a certain savings-bank; that such report was false and that *W* never made any other return of his doings or filed any account; that he died in 1878, and that his estate was distributed to his widow and four sons; and asked for a decree ascertaining the amount due from *W's* estate, and requiring each defendant distributee to account therefor to the extent of the estate's property received by him. *Held* that these averments were not equivalent either to an allegation that *W* had converted to his own use the avails of the sale of the Indians' land, or that he had diverted them to uses not justified by the terms of the trust under which they were held; and that the complaint was therefore demurrable because of its failure to set out any facts which would justify a conclusion of an indebtedness to the plaintiff on the part of the estate.

Argued January 20th—decided February 3d, 1910.

ACTION to establish a claim against the estate of a deceased person and to secure its payment out of distributed assets, brought to and tried by the Superior Court in New Haven County (*Curtis, J.*) upon a demurrer to the complaint; demurrer sustained, judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

The complaint alleges, in substance, that in 1871 one Wakelee was, by the Superior Court in New Haven county, appointed overseer of the tribe of Turkey Hill Indians; that afterward, in May of that year, he, under authority of said court, sold certain lands belonging to said tribe; that he thereupon made return of the sale, in which he reported that he had received $960 net, and that he had deposited $720 of that sum in the Derby Savings Bank, and invested the remainder in undescribed real estate in New Haven; that said return was false, and that Wakelee "did not deposit any money in the Derby Savings Bank in the name of said tribe, or in his own name as overseer of said tribe, or in any other manner for the benefit of said tribe," and that he "did not buy any land in New Haven . . . in the name of said tribe, or in his own name as overseer of said tribe";

that Wakelee never made any other return of his doings as overseer or filed an account; that he died in March, 1878; that no overseer of said tribe was thereafter appointed until the plaintiff's appointment in May, 1909; that Wakelee's estate was settled and distributed to his widow and four sons; that the defendants are the widows and children of two of these sons who have died; and that each of them has received, either directly of said Wakelee or indirectly through his widow and heirs, portions of the property left by him at his decease. There are no other defendants.

A demand for an accounting to the extent of the property received by each defendant, and the failure to make such an accounting, is alleged. The plaintiff asks for a decree ascertaining the amount due from Wakelee's estate to the plaintiff by reason of his failure to account for said net proceeds, that each of the defendants be required to account to the plaintiff for the sum to the extent that each has received, directly or indirectly, any portion of Wakelee's estate, and judgment against each for the amount found due upon such accounting.

*Edward A. Harriman,* for the appellant (plaintiff).

*Milton C. Isbell,* for the appellees (defendants).

PRENTICE, J. It is claimed in support of this complaint that it seeks a recovery upon two grounds, to wit: first, that the estate of Wakelee is under a legal obligation to pay to the plaintiff a certain sum, and that the defendants, having received portions of the assets of that estate in its settlement, are in equity subject to the duty of refunding to the plaintiff so much thereof as may be necessary to satisfy his claim; and second, that the defendants have, through the medium of the

settlement and distribution of said estate, come into the possession of property which equity will regard as impressed with the trust in favor of the plaintiff's wards, with which the money originally received by Wakelee from the sale of the Indian lands was charged.

The complaint, viewed in the latter aspect, must fail for the reason, apparent at the threshold of an inquiry as to its sufficiency, that the allegations fail to trace into the estate distributed either any portion of said proceeds, or any other property into which any portion thereof became converted, or which in the transition of investment represented it. It is an essential condition of the exercise of the right to impress a trust upon property that it either be identified as the particular property charged with the trust, or that it be shown that the property originally so charged has, in some form or other, gone into that upon which it is sought to impress the trust. *State* v. *Osborne*, 69 Conn. 257, 262, 37 Atl. 491; *Skiff* v. *Stoddard*, 63 Conn. 198, 232, 26 Atl. 874; *Central National Bank* v. *Connecticut Life Insurance Co.*, 104 U. S. 54; *Matter of Cavin* v. *Gleason*, 105 N. Y. 256, 262, 11 N. E. 504. The allegation that Wakelee, in 1871, had in his hands a sum of money held in trust is by no means an averment, even argumentatively, that he had that money, or other property representing it, when he died, seven years later. He might have long since squandered it, might have used it for the benefit of the *cestuis que trust*, or might have passed through an intervening period of penury.

As bearing upon the plaintiff's right of recovery in accordance with the theory first stated, the complaint is silent as to whether it is real or personal estate which he is seeking to pursue. If it is the former, he has mistaken his remedy, which is through the medium of an order of sale from the Court of Probate, after the va-

lidity of his claim has been established. *Hawley* v.
*Botsford,* 27 Conn. 80, 83; *Davis* v. *Weed,* 44 id. 569,
577; *Griswold* v. *Bigelow,* 6 id. 258, 265; *Seymour* v.
*Seymour,* 22 id. 272, 279. If it is the latter, a different
situation is presented. Here, as in the other case, the
first step in the course of procedure is to judicially
establish that the plaintiff has a valid claim, now en-
forcible against Wakelee's estate, and collectible out of
its assets, assuming that there were such in the hands
of an administrator or executor undistributed. This
the plaintiff's prayers for relief plainly recognize. It
is accomplished, when the claim is allowed, by a judg-
ment in an action against the administrator or executor.
This judgment is a finding that the estate is liable to
pay the claim which is sued upon. *Bacon* v. *Thorp,*
27 Conn. 251, 270; *Davis* v. *Weed,* 44 id. 569, 577, 579;
*Caulfield* v. *Green,* 73 id. 321, 324, 47 Atl. 334. The
existence of such a claim and its amount having been
thus determined, the next step, in the event that the
assets of the estate have been distributed, is a proceed-
ing in equity, whose purpose is to reach out for and re-
claim these assets, or sufficient of them, to the end that
they may be appropriated to the satisfaction of the
established claim. *Booth* v. *Starr,* 5 Day, 419; *Davis*
v. *Weed,* 44 Conn. 569; *Davis* v. *Vansands,* 45 id. 600.
Most frequently these two successive steps, when nec-
essary, have been taken in independent proceedings.
In *Booth* v. *Starr,* however, we said that the proceed-
ings incident to them both might be consolidated into
a single equitable action, in which the debt might be
established and the relief sought obtained against those
ultimately liable. Certain of the objections then urged
against this course are now removed by the abolition,
through the adoption of the Practice Act, of all dis-
tinctions between procedure at law and in equity, and
the conference upon courts of the authority to give

both legal and equitable relief in a single action. We have held that this change in procedure has made it proper to make the establishment of the debt an incident of creditor's bills, thus dispensing with the former requirement that it be established by independent preliminary proceedings before the bill could be brought to secure equitable aid in reaching property beyond the reach of execution. *Vail* v. *Hammond,* 60 Conn. 374, 383, 22 Atl. 954; *Huntington* v. *Jones,* 72 Conn. 45, 49, 43 Atl. 564. Whether or not a proceeding such as that approved in *Booth* v. *Starr* is in the strict sense a creditor's bill as sanctioned by our practice, the analogy between the two, at least, is perfect as respects both the end sought and the preliminary fact necessary to be established, and we see no reason why the two necessary steps to the attainment of the object sought may not as well be taken in one action in the one case as in the other.

But the fact that the proceeding is single in form cannot be allowed to obliterate the fact that two successive independent steps are involved, and that the necessary parties for the taking of each of them must be before the court. The consolidation affects matters of procedure only. It does not justify short cuts to the end sought, which dispense with the taking of the required steps in the legal and proper way. This means that a necessary party to this action, in order that the validity of the plaintiff's claim may be adjudicated as a preliminary to further action, is the proper representative of the estate, be he administrator or executor. "Rights of action against a debtor, which the law continues in force after his death, are, upon grant of administration, demands against the administrator as the representative of the deceased, and may be established by suit against him as such representative. . . . The suit is against the administrator as the

representative of the deceased, and is mainly for the purpose of establishing the claim of the plaintiff to be a creditor entitled to payment by the administrator from assets in his hands." *Caulfield* v. *Green,* 73 Conn. 321, 323, 324, 47 Atl. 334. A distributee is not such a representative. His presence as party cannot give jurisdiction for the rendition of a general judgment adjudicating an obligation of the estate. It might be that without its proper representative a qualified judgment might be rendered which would be conclusive as against the distributee, and sufficient for the purpose of reclaiming the *res* in his hands. But he is entitled, for his possible future protection, to have such an adjudication as will not only conclude him, but all parties against whom he might wish to proceed for contribution. In *Booth* v. *Starr,* 5 Day, 419, the administrators were parties. See also *Davis* v. *Vansands,* 45 Conn. 600, 605. There is a defect of parties here which would prevent the plaintiff's recovery upon the case that he has attempted to set up. The demurrer, however, does not reach this defect.

The fact that the plaintiff, as a condition precedent to recovery, must establish the claimed indebtedness of the estate to him, involves the necessity on his part of alleging facts which lead to that conclusion. This he has failed to do. Apparently he bases his claim upon either a conversion by Wakelee to his own use of the net receipts of the land sale, or his diversion of them to uses not justified by the terms of the trust with which they were charged. The allegations made are by no means the equivalent of either of these propositions. A variety of things readily occur to one which would be at once consistent with the allegations and inconsistent with such a conversion or diversion. The complaint is therefore insufficient, and for a cause within the scope of the demurrer.

Other questions suggested by the demurrer do not require present consideration.

There is no error.

In this opinion the other judges concurred.