### The Finance Corporation of New England, Incorporated, *vs.* Rosina Scard.

Third Judicial District, Bridgeport, April Term, 1924.

Wheeler, C. J., Beach, Curtis, Keeler and Haines, Js.

A judgment creditor who is defrauded by a voluntary conveyance of his debtor's property is entitled, in one and the same suit, to ask for damages against all who participated in the fraud, and also that the fraudulent conveyance be set aside; and such a suit may be denominated a creditor's bill under our Practice Act, although, strictly speaking, a creditor's bill, as such, exists only in those jurisdictions in which law and equity are administered by separate tribunals.

In a suit of that nature, it is not necessary to allege in the complaint, in so many words, that there is not an adequate remedy at law, provided it appears from all the facts alleged that such remedy does not exist.

The only necessary allegations are such as show that the conveyance was fraudulent, and that the appropriation of the debtor's interest in the property conveyed is necessary for the payment of the judgment.

In the present case, the complaint alleged and the trial court found that the Scard brothers, who had indorsed a note for $25,000 payable to the plaintiff, had, during the pendency of an action by the plaintiff to obtain judgment on the note, conveyed certain real estate in which they owned an equity of $5,000, to the defendant, their sister, without consideration; that the conveyance was made with the purpose and intent on the part of the grantors, known to the defendant, of avoiding their obligation on the note; that at the time of the conveyance the Scard brothers were possessed of no other property except certain land and personalty of the value of $5,500; and that the plaintiff had secured an unsatisfied judgment against the Scard brothers for $27,000. *Held:*—

1. That the complaint set forth and the finding recited ample facts to show that the plaintiff had no adequate remedy at law without the appropriation of the interest of the Scard brothers in the property conveyed to the defendant.
2. That it was unnecessary for the plaintiff to allege that it had an interest by attachment, judgment lien, or execution unsatisfied, against the property conveyed by the Scard brothers.
3. That the trial court, under the plaintiff's general prayer for other equitable relief, should have decreed the appropriation of the

interest of the Scard brothers in the property conveyed toward the payment of the plaintiff's judgment, in addition to its decree setting aside the conveyance and ordering a reconveyance.

Argued April 10th—decided June 2d, 1924.

SUIT to cancel and set aside a conveyance of real estate alleged to have been fraudulent and void as against the plaintiff, a creditor of the grantors, and for other relief, brought to and tried by the Superior Court in New Haven County, *Webb, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *Error in part; decree modified.*

*Donald C. McCarthy*, for the appellant (defendant).

*J. Gilbert Calhoun* and *John C. Blackall*, with whom, on the brief, was *Edward W. Broder*, for the appellee (plaintiff).

WHEELER, C. J. George Scard devised to his three sons, Moses, George and Simeon, all the remainder of his estate including a farm in Wallingford, provided they should support his wife so long as she remained his widow, and also his daughters, Charlotte and Rosina, so long as they remained unmarried. The widow deceased and Charlotte married. The three sons had been since the death of their father in the sole and exclusive possession and ownership of the farm. Subsequently the three sons became interested as stockholders and otherwise in the Suffield-Berlin Trap Rock Company, and on October 25th, 1919, endorsed with others a note for $25,000 made by that company and payable in one year to the plaintiff. During the year the company was in financial difficulties and a receiver in bankruptcy was appointed, and it developed that these endorsers, who were liable jointly and severally, would be asked to meet their liability, and it

did in fact accrue. Plaintiff instituted suit on January 15th, 1921, against the receiver, not citing in the Scard brothers, because it did not know they owned property, but on January 27th, 1922, they were made parties defendant.

On June 23d, 1921, the Scard brothers conveyed by warranty deed this farm to their sister, the defendant, Rosina, and received from her no consideration for the transfer and took back no mortgage in payment. The conveyance to Rosina was for the purpose of preventing its being taken or levied upon to satisfy the obligation of the brothers arising from their endorsement upon this note. The farm was at the time of the conveyance, and now is, worth from $15,000 to $16,000, and is subject to a mortgage of $11,000. At the time of the conveyance the Scard brothers were possessed of other land of the value of $2,500, and personal property not exceeding in value $3,000, and were possessed of no other property.

The court reached the conclusion from these subordinate facts that this conveyance was made without consideration, and with the full knowledge and intent of the grantors and grantee to avoid the obligation of the grantors arising from their endorsement upon this note. The facts found amply support the decree. The conveyance was made without consideration of any kind from defendant; the purpose and intent of the grantors was to prevent the property conveyed being taken or levied upon to satisfy their obligation arising upon their endorsement upon the note; this was with the full knowledge of the grantee, defendant herein, and the property of the Scard brothers, grantors, was at this time inadequate to meet the judgment obtained in the action upon the note. The facts found are those alleged in the complaint, which was not demurred to. They depict the making of this fraudulent con-

veyance for the purpose of preventing the plaintiff from having the property so conveyed appropriated toward the payment of this judgment, and that all of this was done with the knowledge of the defendant grantee of this purpose.

The defendant's argument, that there are no facts found showing that an injury was done the plaintiff, or that there was any intent on the part of the Scard brothers to prevent the plaintiff obtaining satisfaction of the judgment for $27,508.33, or that the plaintiff was in any way defrauded, is completely refuted by the facts found; against these it is futile to contest these points without securing the correction of the finding, and the evidence does not support such correction.

The further claim, that the evidence showed that there was a valuable consideration for this conveyance, overlooks the fact that there was a conflict in the evidence as to the fact of a consideration, and the trial court found, as the evidence justified it in doing, against the contention of the defendant.

Likewise the issue as to whether defendant, Rosina Scard, had any knowledge of any fraudulent intent on the part of her brothers, was a fair inference for the trial court to draw, and this it has drawn against the defendant.

The defendant makes as her final point, that the remedy at law must be exhausted before equity will aid the plaintiff creditor to set aside the conveyance to the Scard brothers, and that the exhaustion of the legal remedy is only evidenced by an execution returned unsatisfied. There is no occasion to allege in the complaint, in terms, that there is no adequate remedy at law. "It is enough if it appear from the facts disclosed in the bill, that such remedy does not exist." *Botsford* v. *Beers*, 11 Conn. 369, 373. The

complaint in the instant case alleges that the purpose of the conveyance was to defraud the plaintiff of any effectual remedy and to prevent the enforcement of plaintiff's judgment, and to prevent the property conveyed being taken on legal process, and that plaintiff is in imminent danger of having its remedy defeated by defendant conveying the property so conveyed to her. The complaint in this particular would have withstood a demurrer. If defendant had desired a more particular specification she could have obtained this by proper motion.

In the finding appears this specification. The equity in the farm conveyed was from $4,000 to $5,000; all other property of the Scard brothers was in value $5,500; while the judgment plaintiff had obtained against them was $27,508.33. It is apparent from these facts that no adequate, certain and complete remedy at law exists for this plaintiff unless it can have this conveyance to defendant set aside and the Scard brothers' equity in the farm appropriated *pro tanto* to the payment of this judgment.

The plaintiff's action may be denominated a creditor's bill under our Practice Act. It pleads the obtaining of a judgment against Scard brothers, that it has no adequate remedy at law, by which to satisfy its debt, and prays that a conveyance made by Scard brothers in fraud of creditors be set aside and for other equitable relief. In *Vail* v. *Hammond*, 60 Conn. 374, 383, 22 Atl. 954, we describe a creditor's bill under our Practice Act: "A creditor's bill strictly exists only in those jurisdictions where law and equity are administered by separate tribunals. A creditor first obtains a judgment in a court of law, and then seeks the aid of a court of equity to apply in payment of the judgment some property which could not be attached or taken on execution in the action at law. But in this State,

where the same court administers both law and equity, and where legal and equitable remedies can be granted in the same action, a creditor can in the same complaint have judgment for his debt and also the necessary equitable aid to obtain payment out of any property of the debtor which the law court could not reach." *Huntington* v. *Jones,* 72 Conn. 45, 49, 43 Atl. 564, was an action of debt on judgment, with a second count in the nature of a creditor's bill for the purpose of reaching and appropriating the debtor's interest in a trust estate; the second count was demurred to because (1) no judgment had been rendered in this State, and (2) because the plaintiff had adequate remedy at law. We held on the authority of *Vail* v. *Hammond,* 60 Conn. 374, 22 Atl. 954, that "the judgment may be rendered in the very action in which equitable relief is asked," and that the demurrer was bad on this ground. The second ground we held bad because the facts alleged showed that plaintiff had no adequate remedy at law. *Mathewson* v. *Wakelee,* 83 Conn. 75, 80, 75 Atl. 93; *Bronson* v. *Thompson,* 77 Conn. 214, 217, 58 Atl. 692. "Such a bill [a creditor's bill] is one brought to enforce the payment of a debt out of the property of the debtor, under circumstances which impede or render impossible the collection of the debt by the ordinary process of execution." *Huntington* v. *Jones,* 72 Conn. 45, 49, 43 Atl. 564. Again we say, in *Lewisohn* v. *Stoddard,* 78 Conn. 575, 594, 63 Atl. 621: "The main purpose of requiring the plaintiff in a creditor's bill to show that he had exhausted his remedy at law was to assure the determination of his status as a creditor by a jury, if a trial by jury should be claimed by any party adversely interested. Under our Practice Act an issue for such purpose could be raised in this cause by the answer." A case which raised practically the same question as this record does, was *Nowsky* v.

*Siedlecki*, 83 Conn. 109, 112, 75 Atl. 135, in which the court by BALDWIN, C. J., said: "A judgment creditor who complains that his debtor has transferred all his property, when insolvent, to his wife, by a voluntary and fraudulent conveyance, and that she participated in the fraud, has, among other remedies, one at law for compensation in damages against both the wrong-doers; and one in equity to have the fraudulent convey-ance set aside. The plaintiff sought both these remedies, and had a right to seek both, in a single action. General Statutes, §§ 532, 721" (now §§ 5554, 5754).

Our own law differed before our Practice Act with that of many jurisdictions. Thus in *Botsford* v. *Beers*, 11 Conn. 369, 375, we say: "For we suppose the principle too well settled to admit of controversy, that lands fraudulently conveyed are still open to the creditors of the fraudulent grantor; and that a court of chancery will give its aid to perfect the title of the levying creditor, where such aid is necessary. And we are yet to learn, that it is any defense, either at law or in chancery, that there are other lands, which might have been taken; and that the debtor is not insolvent." It is not necessary under our union of equitable and legal remedies in one action that the plaintiff should have alleged that it had an interest by attachment, judgment lien, or execu-tion unsatisfied against the property conveyed by the Scard brothers; all that is necessary are allegations which show that the conveyance was fraudulent, and that it is necessary that the interest of the Scard brothers in the property conveyed be appropriated to the payment of this judgment since they did not have even with this interest sufficient property to meet this judgment. The complaint sets up, and the finding recites, ample facts to show that plaintiff has no ade-quate remedy at law without the appropriation of the interest of Scard brothers so conveyed, and with its

appropriation insufficient property to fully pay this judgment. We think it does appear in the facts found that unless this transfer is set aside, the plaintiff will be defrauded and that there is no other property out of which the debt can be fully satisfied. In view of these conclusions it is unnecessary to consider further the other errors assigned.

The only error of the trial court was in not adding to its decree under the prayer for other equitable relief, its decree appropriating the interest of Scard brothers in these premises toward the payment of this judgment.

Error in part; decree to be modified by the addition of a clause appropriating the interest and title of Scard brothers in said premises toward the payment of the judgment in favor of plaintiff and against Scard brothers.

In this opinion the other judges concurred.