EVA FINE, EXECUTRIX, *vs.* JOHN B. MOOMJIAN ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 20th, 1931—decided January 26th, 1932.

*Charles S. Hamilton,* for the appellants (defendants).

*George W. Crawford,* with whom was *Bernard Greenberg,* for the appellee (plaintiff).

MALTBIE, C. J. The complaint alleged that the plaintiff, since deceased and now represented by his executrix, and the defendant John B. Moomjian made an exchange of properties, as a result of which the defendant assumed certain mortgages upon the property he received; that when a few months later the time drew near at which payment would become due upon the mortgages the defendant John B. Moomjian, to avoid these payments and to defeat the claim which the plaintiff would have against him upon his satisfying them, transferred certain real estate described in the complaint to his wife, the defendant Mary H. Moomjian, and a store he owned to his nephew, the defendant Edward K. Moomjian; that both these defendants knew of the fraudulent character of the transfer; and that thereafter the payment did become due, the mortgages were foreclosed and deficiency judgments were rendered against the plaintiff which she has satisfied, but the amounts of which the defendant John B. Moomjian refused to repay. The complaint claimed damages, that the defendant Mary H. Moomjian deliver up for cancellation the deeds received by her and execute reconveyances of the property granted in them, and that the defendant Edward

K. Moomjian deliver up for cancellation the instruments by which the store was transferred to him; and it also claimed forfeitures under General Statutes, § 6133 of the Revision of 1918, then in force, and other equitable relief. ·The defendants demurred to the complaint because of misjoinder of causes of action and to the prayers for relief seeking the forfeitures under the statute. The plaintiff had the right to seek in one action a judgment awarding her damages against the debtor John B. Moomjian and setting aside the transfers claimed to have been fraudulently made against those who accepted them with knowledge of their fraudulent character. *Nowsky* v. *Siedlecki*, 83 Conn. 109, 112, 75 Atl. 135; *Finance Corporation of New England, Inc.* v. *Scard*, 100 Conn. 712, 718, 124 Atl. 715. The object of the action was the recovery by the plaintiff of the debt due her from the defendant John B. Moomjian and the effect of the transactions with the other defendants was to impose upon them a duty with respect to the payment of that debt. Under the allegations of the complaint it might fairly be proven that the conveyances to the wife and the transfer of the store to the nephew were parts of one transaction. It was proper to allege in one complaint the facts which would justify relief against the defendants. *Lewisohn* v. *Stoddard,* 78 Conn. 575, 590, 63 Atl. 621; *Mathewson* v. *Wakelee,* 83 Conn. 75, 75 Atl. 93. The demurrer to the complaint was properly overruled. The overruling of the demurrer to the prayers for relief which sought to impose the statutory forfeiture, whether right or wrong, is now of no consequence as the judgment was in no way based upon them.

The finding as made is ample to sustain the judgment. The defendants do not seek to have any portion of it stricken out, but do seek to have a number

of paragraphs from their draft-finding added. These paragraphs include several distinct matters. A separate assignment of error was made as to the failure of the trial court to add each paragraph, but in all these assignments reference is made to the same exhibit of evidence attached. That exhibit consists of one hundred and eighty-three printed pages, much of which is irrelevant to any of the requested additions. If we regard the defendants as attempting to proceed under the first method for securing the correction of a finding established by § 8 of the Rules for Appellate Procedure, they have so violated the letter and spirit of the rules that we would be under no obligation to consider these assignments at all. The transcript of evidence printed begins, however, with a statement that it is all the evidence in the case and it is so certified at the end, although an examination of it shows this not to be so. It may be that the omitted portions were agreed by the parties or directed by the trial court not to be printed as not material to the corrections sought; and we have therefore approached the matter upon the basis that the defendants were proceeding under the second alternative provided in the rule. Even so we cannot hold the trial court in error in failing to add the facts stated in the paragraphs of the draft-finding. Certain of these paragraphs are not prepared in accordance with our rule; for instance, the last contains a long transcript of the evidence of the defendant Mary H. Moomjian and concludes with certain statements as to the argument of plaintiff's counsel, the purpose apparently being to claim that, while the plaintiff called her as a witness, in the argument a general attack was made upon her credibility; but the evidence, if it was to be used for this purpose, should have been reduced to a brief narrative account; and the whole attempt to raise the question must fail

because the court has made no finding as to the subject-matter of the argument of plaintiff's counsel and the record affords no basis for our making any addition to it dealing with this matter. With one or two exceptions which could not materially affect the result, the other paragraphs sought to be added contain as integral parts facts which either are not at all supported by the evidence or at most find support only in testimony which the trial court might reasonably refuse to credit or inferences it might reasonably refuse to draw. Moreover, if these paragraphs are added, there would still remain in the finding, unattacked, sufficient controlling facts to support the judgment. That judgment must stand, unless some material error was committed by the court in its rulings on the trial.

During the trial the court allowed an amendment to the effect that, on or about the date of the transfers in question, the defendant John B. Moomjian conveyed and transferred to sundry persons all the property he then possessed. Under the circumstances of this case we cannot say that the amendment was too uncertain and indefinite in its terms to be permissible nor that the trial court abused its discretion in allowing it; *Lawton* v. *Herrick*, 83 Conn. 417, 420, 76 Atl. 986; nor can we say the court abused its discretion in denying the defendants' motion to stop the trial at that time to permit them to investigate a certain conveyance of property other than that described in the complaint which, according to evidence already offered, the defendant John B. Moomjian had made. If, as the trial developed, the defendants found themselves unable to meet the evidence offered under the amendment without further time for investigation a motion for such continuance as was necessary might have been made and, had the court been satisfied of the justice of their claim, it would no doubt have been

granted. The defendants' motion for a jury trial, made informally during the course of the trial, before the amendment was offered and without reference to it, came too late. General Statutes, § 5624. The defendants could not have been injured by the refusal of the trial court to permit the intervention of a third party, a trust company which the evidence indicated had some interest in the transactions in question by reason of loans made to the defendants.

The exclusion of a question asked of the defendant John B. Moomjian whether he had any fraudulent intent in making the conveyances alleged in the complaint could not have affected the result. He was apparently permitted to testify fully as to the circumstances surrounding those conveyances and his purpose and intent in making them. The refusal of the trial court to find the facts as he claimed to have proved them shows its disbelief in the truth of the testimony he offered upon this issue. His answer to the particular question could only have been an absolute negative and under the circumstances of this case it clearly would not have availed to change the result in any way. The exclusion of a similar question asked of the defendant Mary H. Moomjian as to whether she had any intent to deceive or defraud any creditor in connection with an earlier deed claimed by the defendant to have been made to her by her husband is immaterial in view of the fact that the trial court refused to find that such a conveyance had been made. The objection of the defendants to cross-examination by the plaintiff of defendant John B. Moomjian when called as a witness for the defendants, that it constituted an attack upon the general credit of a witness the plaintiff had herself offered at an earlier stage of the trial, was not well taken; the plaintiff had called this witness solely for the purpose of identifying cer-

tain signatures he had made and, aside from that he was called and examined entirely as a witness for the defendants; and the rule forbidding a general attack upon the credit of one's own witness does not extend to such a situation as this. *Carpenter's Appeal*, 74 Conn. 431, 435, 51 Atl. 126. The attention of this defendant on his cross-examination by the plaintiff was called to entries in published directories in which, after he had transferred the store, he still was listed as conducting it and he was asked if he did not furnish the information upon the basis of which those entries were made; this was permissible cross-examination the allowance of which rested in the sound discretion of the trial court. During the direct examination of this defendant in his own behalf he was questioned as to a certain payment made by him which he said was withdrawn from a savings-bank account and his attention was called to an entry in the bank book showing that account, which he testified represented the withdrawal; there was then no impropriety in permitting the plaintiff to cross-examine the witness with reference to that entry though the book was not admitted in evidence. The rulings of the court permitting plaintiff's counsel during the cross-examination of this witness to call his attention to questions and answers he had given on his direct examination as to this entry was within its discretion; but it was correct in excluding questions put to him on his redirect examination as to claims made by counsel in connection with the offering of the book and with the rulings of the court thereon. The refusal of the trial court to permit this defendant, after he had testified that the defendant Edward K. Moomjian was in Canada, to give the reason why he went there could not be held error in view of the failure of the defendants to state any claim making that

reason a relevant circumstance in the case. The attorney who drafted and witnessed the conveyances alleged to be fraudulent was called by the plaintiff and asked certain questions as to the circumstances attending the performance of that service, to which the defendants objected upon the ground that the matters were privileged because of the relationship of attorney and client existing between them and the witness. So far as appears the witness was called upon merely to draft the instrument and there is no indication that his legal advice was sought in any way. The privilege growing out of the relationship of attorney and client does not extend to a situation where the attorney acts merely as scrivener in the drafting of deeds and like instruments. *Todd* v. *Munson,* 53 Conn. 579, 588, 4 Atl. 99; *Hatton* v. *Robinson,* 31 Mass. (14 Pick.) 416; 5 Wigmore, Evidence (2d Ed.) § 2297. Discussion of the other rulings upon evidence made grounds of appeal would serve no purpose and it suffices to say that we find in them no harmful error,

There is no error.

In this opinion the other judges concurred.