ROCHESTER AND EASTERN RAPID RAILWAY COMPANY, Appellant, *v.* MONROE COUNTY ELECTRIC BELT LINE COMPANY, Respondent.

*Railroad — injunction to prevent its construction on a village street — a rival railway company first filing its certificate of incorporation must obtain the consent of the village and also (where necessary) that of the Superintendent of Public Works.*

On an appeal from an order vacating a temporary injunction *pendente lite*, in an action brought by one street surface railway company against another street surface railway company to restrain the latter from building its road upon a street in the village of Fairport, it appeared that each company had been duly incorporated and had secured from the Board of Railroad Commissioners the necessary certificate to enable it to proceed and that the plaintiff had taken its proceedings in these respects before the defendant.

It further appeared that before a railroad could be lawfully constructed in the street in question it would be necessary to obtain the consent of the Superintendent of Public Works of the State of New York and the consent of the board of trustees of the village and that the plaintiff had not obtained either of such consents.

*Held,* that the Appellate Division should not interfere with the action of the Special Term in vacating the injunction;

That the Appellate Division would not decide, upon such a motion, that the plaintiff, by first filing its certificate of incorporation, specifying the route of its railroad, thereby became entitled to construct its railroad along such route to the exclusion of all other railroad corporations;

That the plaintiff could not successfully urge that the failure to obtain the consents of the Superintendent of Public Works and the trustees of the village

were objections which could not be insisted upon by the defendant as, in order to establish its right to exclude the defendant corporation from the street *pendente lite,* the plaintiff was obliged to present facts clearly indicating that it had an undoubted right to be there itself.

APPEAL by the plaintiff, the Rochester and Eastern Rapid Railway Company, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 12th day of July, 1902, vacating a temporary injunction *pendente lite* theretofore granted in the action in so far as it in effect restrained the defendant from constructing and operating a street surface railroad upon Canal or Mill street, in the village of Fairport, Monroe county, N. Y.

*Joseph W. Taylor,* for the appellant.

*Merton E. Lewis,* for the respondent.

HISCOCK, J.:

In a case recently presented involving, as does this one, a contest between rival street railroads this court had occasion to state the well-recognized rules which would govern it in passing upon an order such as is here appealed from granting or refusing an injunction *pendente lite.* (*Syracuse & Oneida Co.* v. *S. R. T. R. Co.,* 74 App. Div. 565.)

It was there said: " The granting or refusing of an injunction *pendente lite* rests in the sound discretion of the court of original jurisdiction; and the order of that court will not ordinarily be reversed upon appeal, unless it is made clearly to appear that there has been an abuse of such discretion. * * * It is true that this rule is not inflexible; on the contrary, an appeal from such an order will sometimes be considered where the order virtually disposes of the merits of the controversy; but even in such a case, the right of the appellant to the relief sought must be so clear as to enable the court to say with some degree of certainty that the court below erred in granting or refusing it."

Within the principles thus enunciated we feel constrained to refuse to reverse the order appealed from.  The only theory upon which we are or could be asked so to do under the circumstances of this case is that the rights of the respective parties are now fully set

forth and presented and that we may, therefore, properly dispose of the merits of the controversy. We do not, however, regard that as the situation now existing. Moreover, if it were to be assumed that the rights of the parties could not be changed, we should feel that the plaintiff had not established such a clear right to the injunction sought as would justify our reversing the order.

The parties are rival surface street railroad companies, and both of them are seeking to lay their route for a short distance through Mill street in the village of Fairport. It is practically conceded that there is no room in that street for the tracks of both of them, and that for this reason, as well as for others, one laying its tracks there would exclude the other. The plaintiff insists that it has secured a prior and exclusive right to occupy said street. This is denied by the defendant, and several reasons are assigned by the latter why the former is not entitled to proceed through said street and should not, therefore, be allowed to prevent defendant from so doing. Each company has been duly incorporated and has secured from the Board of Railroad Commissioners the necessary certificate to enable it to proceed. The plaintiff took its proceedings in these respects before the defendant. It is urged by its learned counsel that plaintiff, by first filing its certificate of incorporation, wherein it specified the various streets and highways through which the route of its railroad should be located, thereby became entitled to construct its railroad along such route to the exclusion of all other railroad corporations, including the defendant. We do not feel inclined, at least upon this motion, to agree with this contention, and are, therefore, led to the consideration of other matters pertaining to the right of plaintiff to locate its road upon the street in question.

Said street is located in such proximity to the canal as concededly to call for the consent of the Superintendent of Public Works to the laying of a street railroad therein. Plaintiff has never secured such consent. Also concededly it was necessary for plaintiff to secure the consent of the board of trustees of the village of Fairport to the location of its road upon said street. We are unwilling to hold for the purposes of this appeal that this has been legally secured. Under such circumstances, in our opinion, the learned justice at Special Term was so justified in vacating the injunction

that we should not interfere with his exercise of the discretion conferred upon him.

It is urged by the counsel for the appellant that the lack of consent by the Superintendent of Public Works and the trustees of the village of Fairport are objections which may be insisted upon in proceedings against plaintiff directly by these officials and that it does not lie with the defendant in this action to raise those questions. If the parties were reversed and defendant was seeking to enjoin the construction of plaintiff's road, this argument would possess force. It might well be said under such circumstances that defendant would not be charged with the duty of protecting the rights either of the village of Fairport or of the Superintendent of Public Works. But as the parties come before us in this action different considerations are presented. Plaintiff is insisting that the defendant shall be kept out of the street. In order to secure such relief *pendente lite* it should present facts clearly indicating the undoubted right to be there itself. This it has not done. It may or may not secure the consent of the Superintendent of Public Works; it may or may not secure the legal permission of the authorities of the village of Fairport to lay its road in the street in question. If it does not secure such right, it ought not to be allowed to keep defendant from laying its tracks there. Until it has itself established a right to occupy the highway, it is not in a position to keep another corporation out of the same by a preliminary injunction.

In accordance with these views, we think the order appealed from should be affirmed, with costs.

McLENNAN, SPRING and WILLIAMS, JJ., concurred; ADAMS, P. J., not voting.

Order affirmed, with ten dollars costs and disbursements.