# UNITED SHOE MACHINERY CORPORATION v. BECKER et al.

## Civil Action No. 2769.

District Court, E. D. New York.

Jan. 20, 1943.

Stull & Gore, of New York City (Richard J. Stull, of New York City, of counsel), for the motion.

Kaye, Scholer, Fierman & Hays, of New York City (Milton Kunen, of New York City, of counsel), opposed.

CAMPBELL, District Judge.

This case comes before the Court on motions made on behalf of the persons named as defendants, represented by Stull & Gore, Esqs., on the return of an order to show cause, as follows:

For an order quashing, vacating and setting aside the service of the summons and complaint herein upon the defendants The Becker Corporation and Esther Becker as administratrix of the goods, chattels and credits which were of Max Becker, and dismissing the complaint herein as against said defendants and the defendant Esther Becker individually, who are appearing specially herein for the purpose upon the following grounds:

1. That this Court does not have jurisdiction of the person of the defendant The Becker Corporation, a Connecticut corporation, not authorized to or doing business in the State of New York.

2. That the Court does not have jurisdiction of the person of the defendant Esther Becker, as administratrix of the goods, chattels and credits which were of Max Becker.

3. That the Court does not have jurisdiction of the necessary parties defendant to this action.

4. That the Court does not have jurisdiction of the subject matter of this action.

5. That the complaint does not state facts sufficient to constitute a cause of action for an amount necessary to confer jurisdiction upon this Court.

6. That the complaint does not state a claim against defendants upon which relief can be granted.

7. That the complaint does not comply with Rule 8(e) (1), in that it is not simple, concise and direct; it does not plead ultimate facts, but conclusions of law; it pleads evidentiary, immaterial and irrelevant matter; and in that it fails to separately state and number its causes of action.

8. That as of right or in the exercise of a sound discretion, this Court should not entertain jurisdiction of this cause.

Consideration of the several grounds stated leads me to the following conclusions.

■ The Becker Corporation was a Connecticut corporation. It was not doing any business at the time, but was practically liquidated, it did not have any office or place of business in the State of New York, was not authorized to do business in the State of New York, and at the time of such attempted service, or of the commencement of this action, the defendant was not in the State of New York engaged in the business of said corporation at said time, or times, and that the service on Esther Becker as a director of the corporation was not good service on the corporation. The attempted service of the summons and complaint upon The Becker Corporation should be quashed, vacated and set aside.

■ This Court has jurisdiction of the person of the defendant Esther Becker as administratrix of the goods, chattels and credits which were of Max Becker. While it is true that in general an administratrix is personally liable for torts committed while acting as administratrix and not the estate, the rule is different where the estate receives the property, as in that case the estate is not depleted by the acts of the Administratrix, but is increased by the property received, and the estate is liable to the extent of the property received. DeValengin's Adm'rs v. Duffy, 14 Pet. 282, 290, 291, 10 L.Ed. 457; 9 Carmody on New

York Practice, Section 343; Moran v. Mor-administratrix of the goods, chattels and credits which were of Max Becker. While it is true that in general an administratrix rill, 78 App.Div. 440, 80 N.Y.S. 120, affirmed 177 N.Y. 563, 69 N.E. 1127.

To hold otherwise would permit the administratrix to obtain property for the estate, and if the administratrix was not financially able to answer deprive the owner of the property or creditors of the owner of the property so transferred, to the estate, for the benefits of those interested in the estate.

Service was made on the Administratrix as provided by the rules.

The Court has jurisdiction of the necessary parties defendant.

■. The Becker Corporation having been liquidated, and being out of business, is not a necessary party to this action. Keene v. Hale-Halsell Co., 5 Cir., 118 F.2d 332; The National Tradesmen's Bank v. Wetmore, 124 N.Y. 241, 26 N.E. 548. The recovery of a judgment against it is not a prerequisite to the maintenance of this action. The last directors, who were liquidating trustees (Baldwin v. Wolff, 82 Conn. 559, 562, 74 A. 948) and the holders of the property, the transfers of which it is sought to set aside, are all parties to this action, and that is all that is required. Rule 18(b), Federal Rules of Civil Procedure, Proceedings Before the American Bar Association Institute Cleveland 1938 page 43.

This was also true under the old practice. Fraser v. Cole, 7 Cir., 214 F. 556; Williams v. Adler-Goldman Commission Co., 8 Cir., 227 F. 374.

This is also true under the present New York Debtor and Creditor Law, Consol. Laws N.Y. c. 12. American Surety Co. v. Conner, 251 N.Y. 1, 166 N.E. 783, 56 A.L.R. 244.

See also decisions under the laws of the State of Connecticut. Lewisohn v. Stoddard, 78 Conn. 575, 63 A. 621; Baldwin v. Wolff, 82 Conn. 559, 562, 74 A. 948; Fine v. Moomjian, 114 Conn. 226, 158 A. 241.

■ This Court has jurisdiction of the subject matter of this action. Simpkins on Federal Practice, 3rd Edition, Section 45; Waterman v. Canal-Louisiana Bank & T. Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80.

Defendants cite Conners v. Federal Deposit Ins. Corp., D.C., 39 F.Supp. 812, but that is not in point, as it involved a probate proceeding.

Plaintiff could, had it so desired, have sued the defendants in the Supreme Court of the State of New York, and would not be obliged to sue in the Surrogate's Court, and this Court has jurisdiction. Matter of Gellis's Estate, 141 Misc. 432, 252 N.Y.S. 725; Willis et al. v. Sharp, 113 N.Y. 586, 21 N.E. 705, 4 L.R.A. 493.

All this case will do is to establish the plaintiff's rights, and not interfere with property in the control of the Surrogate's Court, as no execution can be issued against it without leave of the Surrogate's Court, New York. Surrogate's Court Act, Sections 150–152; Moran v. Morrill, 78 App. Div. 40, 80 N.Y.S. 120, affirmed 177 N.Y. 563, 69 N.E. 1127.

■ The plaintiff could obtain a money judgment in this case. Bailey v. Hornthal, 154 N.Y. 648, 49 N.E. 56, 61 Am.St.Rep. 645; Shugerman v. Sohn, 255 App.Div. 866, 7 N.Y.S.2d 587.

Execution can be issued against the administratrix on the judgment in the case at bar, only in accord with State practice, 28 U.S.C.A. § 727, therefore, the granting of relief herein against the administratrix does not interfere with the jurisdiction of the Surrogate's Court, nor with property in the custody of that Court.

■ The complaint states facts sufficient to constitute a cause of action cognizable by this Court, and on which relief can be granted. Plaintiff sues for an account stated and it is sufficient. See form 4 of complaint on an account set forth with Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The facts in connection with the license are all set forth, even though the license agreement is not attached to the complaint.

■ The complaint is in fair compliance with Rule 8(e) (1), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ Every wrong should have a remedy, and it is very doubtful that plaintiff can find an effective remedy in any other Court, therefore, as of right and in any event in the exercise of sound discretion, this Court should, and does, entertain jurisdiction in this case.

These motions have been carefully and exhaustively briefed on behalf of the defendants, and the authorities cited have been

carefully considered, but, as I am convinced that the law is as I have stated it, there is no need to analyze the cases cited on the part of the defendants.

The motion to quash, vacate and set aside the service of the summons and complaint upon the Becker Corporation, is granted.

All of the other motions on all the grounds stated, are denied.

Settle order on notice.