[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case the plaintiff, Temporary Health Care (THC) of Hartford, has sued the defendant Meyer Laufer of New York for breach of fiduciary duty and fraud in connection with Laufer's alleged involvement in the negotiation and/or execution of a 1992 agreement between itself and Oak Ridge Convalescent Home, Inc. ("Oak Ridge"), a Connecticut corporation of which Laufer was the president. Under the agreement, THC provided Oak Ridge with temporary health care services valued at $9336 from CT Page 9706 July 24 through October 23, 1992. Claiming that Oak Ridge has never paid it for the services it rendered under this agreement, THC now claims that Laufer must compensate it for those services because he permitted Oak Ridge to accept those services without informing it either of Oak Ridge's financial condition or of the impending sale of Oak Ridge's corporate assets. In Count I of its Amended Complaint ("Complaint"), THC characterizes Laufer's failure to inform it of these facts as the breach of a fiduciary duty which he, as the president of Oak Ridge, owed personally to each of Oak Ridge's creditors. In Count II of the Complaint, it contends, in the alternative, that Laufer's failure to so inform it was an act of fraud, which Laufer perpetrated against it in order to induce it to continue rendering services which it would have refused to provide had the information in question been communicated. This fraudulent failure to disclose, it contends, was in direct violation of Laufer's "affirmative obligation to disclose to creditors, including the Plaintiff, material facts relating to the financial conditions and imminent sale of Oak Ridge . . . ." Complaint, Count II, paragraph 7.
The defendant has now moved the Court to strike both counts of the plaintiff's Complaint on the ground that neither state a claim upon which relief can be granted. See C.P.B. § 152(1). The defendant claims, more particularly: (1) that Count I, claiming breach of a fiduciary duty, must be stricken because it fails to allege sufficient facts to show that a fiduciary relationship ever existed between Laufer and THC; and (2) that Count II must be stricken because it fails to allege either that Laufer actively misrepresented Oak Ridge's financial status to THC or that he failed to disclose that status when he otherwise had a duty to do so. For the following reasons, the Court agrees with the defendant that as currently pleaded, both counts of the plaintiff's Complaint must be stricken.
 I
A motion to strike is the proper vehicle by which to contest "the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or any one of more counts thereof, to state a claim upon which relief can be granted." P.B. § 152(1). All facts alleged in the challenged pleading are to be construed in the light most CT Page 9707 favorable to the pleader. Sheets v. Teddy's Frosted Foods,Inc., 179 Conn. 471, 472, 427 A.2d 385 (1980). Mere conclusions of law, however, in the absence of sufficient alleged facts to support them, are subject to a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
 II
"A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Dunham v. Dunham, 204 Conn. 303,327 (1987). Thus it is that to properly plead the breach of such a duty in this fact-pleading jurisdiction, C.P.B. § 109, the pleader must allege sufficient facts in his complaint to establish both the existence of such a trusting, confidential relationship and a material violation of the duty claimed to arise therefrom.
The plaintiff here argues that as a creditor of defendant Laufer's corporation, it was entitled to expect that Laufer would so husband the corporation's resources as to ensure that the corporation could and would honor its promise to pay it for its services. As a corollary to the proposition, it further argues that Laufer was duty-bound to inform it of any change in the corporation's financial status which might compromise the corporation's ability to make good on its promise of payment.
The defendant objects to the plaintiff's argument, duly noting that the obligations of corporate officers run traditionally to the corporation itself, and thus to corporate shareholders, not to persons or entities outside the company. Indeed, claims the defendant, the very concept of holding a corporate director liable for breach of a fiduciary duty to a stranger to the corporation runs counter to the common law, state statutes and simple logic.
The Court agrees with the plaintiff that notwithstanding their primary allegiance to their companies' owners and shareholders, corporate officers and directors may at times so conduct themselves as to assume fiduciary duties to other persons or entities outside of CT Page 9708 their respective corporations. Thus in Baldwin v. Wolff,82 Conn. 559 (1909), our Supreme Court ruled that a corporate director who had stolen money from her bankrupt company's treasury could be sued by the company's bankruptcy trustee, on behalf of the company's creditors, because
 As . . . a director, [she] occupied a position as to creditors of a fiduciary nature, [and thus] when she knowingly took from the company's treasury what did not belong to her, she was chargeable with constructive fraud.
Id. at 562. (Emphasis supplied.)
Under Baldwin, which our Supreme Court has never limited or overruled, it can reasonably be concluded that when the officer of a corporation either engages in or authorizes his company to engage in conduct which materially undermines the corporation's ability to pay its corporate creditors, such conduct maybe actionable as a breach of his fiduciary duty to those creditors. Consistent with this duty, it must similarly be concluded that individual corporate officers have a duty to apprise current providers of goods and services to the corporation of information which might materially affect their confidence in the corporation's ability to make good on its promise to pay for those goods and services.
In this case, however, the plaintiff has failed to plead sufficient facts to invoke the doctrine on which it seeks to rely. That is, though it has laid the theoretical groundwork for its claim in its supporting memorandum of law, it has failed in its Complaint to allege any facts from which it might rationally and logically be inferred that the information which Laufer did not disclose to it would in any way have tended to show that Oak Ridge had become or was about to take steps which would make it unable to pay its bills. If THC were to allege in its Complaint, as it has in its memorandum of law, that Oak Ridge's impending sale of its corporate assets would render it insolvent, and thus unable to pay THC for the services it continued to accept, then the argument could certainly be made that under Baldwin, Laufer had a fiduciary duty to inform it of those facts. Here, however, the plaintiff has CT Page 9709 merely pleaded that Laufer violated his fiduciary duty to by failing to apprise THC of Oak Ridge's financial status and of the impending sale of its assets, without further specifying the effect that that action would have had on Oak Ridge's ability to pay THC for its services. Absent such an allegation, the Court must conclude that the facts giving rise to a fiduciary relationship between Laufer and THC have not yet been pleaded, and thus that Count I of THC's Complaint must be stricken.
 III
For similar reasons, the Court concludes that the allegations of Count II of the plaintiff's Complaint are insufficient to support its claim of fraud.
An action in fraud has four essential elements: (1) the defendant made a false representation as a matter of fact; (ii) the defendant knew the representation was untrue; (iii) the defendant intended that the other party rely on the representation; and (iv) the other party did in fact rely to its injury. Jackson v. Jackson, 2 Conn. App. 179,193, (1985). In this case, the plaintiff is not alleging that Laufer made any active representation or that he dealt with the plaintiff at all; rather, it alleges that he failed to inform the plaintiff of the true state of Oak Ridge's finances. Thus, the plaintiff's claim is one of fraud by nondisclosure.
In general, "mere silence is not actionable in a transaction in which the parties deal at arm's length unless the circumstances or the existence of a confidential relationship give use to a duty to speak." Franchey v.Hannes, 152 Conn. 372, 378, (1965); Duksa v. Middletown,173 Conn. 124, 127, (1977); Creelman v. Rogowski, 152 Conn. 382,385, (1965). "The crux of fraudulent nondisclosure is a failure to disclose known facts and a request or an occasion or circumstance which imposes a duty to speak."Marchand v. Presutti, 7 Conn. App. 643, 645 (1986).
The plaintiff has not alleged any facts to show that Laufer had a duty to speak. There is no claim that Laufer either negotiated or dealt with the plaintiff in any way, that the transaction between the plaintiff and Oak Ridge was anything but arm's length, that the plaintiff asked CT Page 9710 Laufer about Oak Ridge's financial condition, or that Laufer took steps to conceal the pending sale. The plaintiff's second count contains nothing more than the bare allegation that Laufer had some undefined duty to inform some vendor, with whom he had no other dealings, of on-going negotiations to sell Oak Ridge. Plainly, the contents of the second count are insufficient to support a claim of fraud by nondisclosure. See Duksa, supra at 122.
Even, however, if the plaintiff's Complaint contained sufficient allegations of personal dealings between defendant Laufer and itself to establish a duty of disclosure, it fails to allege facts upon which it might fairly be inferred that that duty was violated in this case. In its brief in opposition to the defendant's Motion to Strike, the plaintiff explicitly suggests, here as on its claim of breach of fiduciary duty, that the material facts not disclosed to it failed to demonstrate that Oak Ridge, by selling off its assets, would render itself unable to pay for the services it continued to receive. On the face of the plaintiff's Complaint, however, no such particularized allegation accompanies its bald assertion that "material facts" were undisclosed. For this reason as well, the Court concludes that as presently pleaded, the second count of the Complaint fails to state a claim upon which relief can be granted.
Conclusion
For all of the foregoing reasons, the defendant's Motion to Strike is hereby granted without prejudice to the plaintiff's right to refile its Amended Complaint with more particularized allegations supporting its underlying claims of breach of fiduciary duty and fraud.
So ordered this 26th day of September, 1994.
Michael R. Sheldon Judge