THE NORWALK SHORES REALTY COMPANY *v.* LOIS R. CLARK ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 7—decided June 13, 1940.

*John Keogh, Jr.,* with whom, on the brief, was *Walter E. Whilton,* for the appellant (plaintiff).

*William E. Allen, Jr.,* with whom, on the brief, was *Lorin W. Willis,* for the appellees (defendants).

MALTBIE, C. J.   The plaintiff brought this action primarily for the foreclosure of a mortgage.  The first five paragraphs of the complaint contain the usual allegations in such an action, and then follow three paragraphs setting up two claimed fraudulent conveyances by the defendant mortgagor; and the prayers for relief ask a foreclosure of the mortgage, possession of the property, a deficiency judgment, and the setting aside of the conveyances.  The defendants filed an answer admitting the five paragraphs of the complaint setting up the cause of action for a foreclosure and denied the other three paragraphs.  The plaintiff claimed the case for the short calendar for judgment of foreclosure; and such a judgment was entered, the judgment file reciting that the court found "all the allegations in the complaint as to the foreclosure true."

The defendants made a motion to open that judgment on the ground that in their answer the last three paragraphs were denied, that there had been no hearing upon the issues so raised, that the defendants had failed to appear at the short calendar hearing because they believed no hearing would be held in view of the issues in dispute. The court opened the judgment and on November 18, 1938, entered another, also confined solely to the foreclosure of the mortgage. The plaintiff then took the necessary steps to secure a deficiency judgment and one was rendered on January 6, 1939. Supplementing the printed record for the appeal by the papers and entries in the case in the clerk's office we find that the succeeding procedure was as follows: On February 23, 1939, the plaintiff made a motion for disclosure as to certain facts material to its claim of fraudulent conveyances; on April 13, 1939, the plaintiff claimed the case for the trial list; on June 26, 1939, the defendants filed a written request to be heard on the motion for disclosure; on July 5, 1939, the motion was granted; and on July 9, 1939, a written disclosure was filed by the defendant mortgagor. On March 11, 1940, the plaintiff filed a motion for the trial of the issues as to the claimed fraudulent conveyances, in which it was recited that after the entry of the deficiency judgment the case was claimed for trial, but on being reached the court ruled that, in view of the judgment already entered, the plaintiff was not entitled to a trial of any further issues and that this motion was made at the suggestion of the court that the plaintiff's claims might appear of record. The court denied the motion and the plaintiff has appealed.

Like the granting of a motion to erase a case from the docket, the ruling of the trial court denying the motion of the plaintiff put it out of court as regards the prosecution of the issues presented by its claim of

fraudulent conveyances, and it was a final judgment within the appeal statute. General Statutes, § 5689; *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 Atl. 407.

The complaint set up two distinct causes of action, one for the foreclosure of the mortgage and a deficiency judgment, and one to set aside the claimed fraudulent conveyances. It was proper to join them in one complaint; *Fine* v. *Moomjian,* 114 Conn. 226, 228, 158 Atl. 241; although the plaintiff might have brought an action simply for the foreclosure of the mortgage and a deficiency judgment, and, when it had secured that judgment, have brought another action to set aside the conveyances. *Mathewson* v. *Wakelee,* 83 Conn. 75, 79, 75 Atl. 93; *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 683, 136 Atl. 586. Joining the two causes of action in one complaint would not necessarily require that they be tried together. General Statutes, § 5512; *Lewisohn* v. *Stoddard,* 78 Conn. 575, 604, 63 Atl. 621; see *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 618, 7 Atl. (2d) 847, and cases cited. In such a situation as the one before us, if there was any doubt as to the recovery of a deficiency judgment, it might make for economy of judicial effort to have the issues involved in that cause of action first determined before those involved in the claim of fraudulent conveyances were tried.

The claim for short calendar made by the plaintiff was merely for judgment of foreclosure, to which the plaintiff was entitled upon the admissions in the answer; the judgment file was restricted to the issues involved in that judgment; and after the court's attention was called to the fact that the allegations of the complaint as to the claimed fraudulent conveyances were put in issue by the answer, it entered a new judgment also restricted to a foreclosure of the mortgage. There was in effect a separation of the two

causes of action, although no order of the court was formally entered, as would have been the better practice. General Statutes, § 5512. The plaintiff, within six weeks of the entry of the deficiency judgment, moved for a disclosure of facts with reference to its claim of fraudulent conveyances, which the court ultimately granted. The plaintiff without undue delay proceeded in the effort to secure a disposition of the issues presented by that claim. The defendants cannot complain that the plaintiff improperly lulled them into the belief that it had abandoned the cause of action based on the claimed fraudulent conveyances. The plaintiff had a right to have the issues presented by that cause of action tried, even though it had already secured judgment for the foreclosure of the mortgage. The trial court was in error in denying the plaintiff the right to a trial of the former cause of action.

There is error, and the case is remanded for further proceedings.

In this opinion the other judges concurred.