ROBERT MARCHAND ET AL. *v.* RALPH PRESUTTI ET AL.
(4641)

DUPONT, C. J., HULL and SPALLONE, Js.

Submitted on briefs May 1—decision released June 10, 1986

*Anthony A. Tomaro* filed a brief for the appellants (defendants).

*Michael Schless* filed a brief for the appellees (plaintiffs).

PER CURIAM. The defendants are appealing from the judgment of the trial court in favor of the plaintiffs. The defendants claim that the evidence introduced at

trial was insufficient to support the court's findings of fact and conclusions of law that the defendants, by fraudulent misrepresentation of a material fact, intended to and did induce the plaintiffs to purchase certain property. The defendants claim further that the evidence was insufficient to support the amount of damages awarded to the plaintiffs.

The trial court found the following facts. The plaintiffs, Robert Marchand and Jean Marchand, entered into an agreement with the defendants, Ralph Presutti and Frances Presutti, wherein the plaintiffs agreed to purchase the defendants' home. Prior to entering into the purchase agreement, the plaintiffs inspected the premises on at least three occasions during the course of which they asked the defendants many questions with regard to various aspects of the property. One area of inquiry concerned the existence of a sump hole visible in the basement floor. In response to the plaintiffs' inquiry, the defendants stated that the sump hole provided drainage for a water problem due to depressed cellar window wells. The defendants stated that they had owned the property since 1972, stored electronic and radio equipment in the basement, which equipment had never been water damaged, and that they had not experienced any more serious water problems in the cellar. The defendants did not tell the plaintiffs that in 1977, the sewer drain pipe had backed up and flooded the basement. The result of this was that the defendants were required to engage a commercial service to clean out the drain. Several "bags" of roots and other material were removed from the pipe.

The plaintiffs purchased the property pursuant to their agreement with the defendants. Shortly after they moved in, they experienced serious basement flooding and roof leakage with resultant water damage to their personal property. The plaintiffs then brought suit

claiming that the defendants made false representations as to the condition of the property upon which the plaintiffs relied to their detriment.

In its memorandum of decision, the trial court expressly found that the defendants' failure to tell the plaintiffs about the 1977 flooding due to the back-up of the sewer drain, although an innocent misrepresentation, amounted to a fraudulent nondisclosure upon which the plaintiffs relied to their detriment. The plaintiffs were awarded $1750.

The crux of a fraudulent nondisclosure is " 'a failure to disclose known facts and . . . a request or an occasion or circumstance which imposes a duty to speak.' " *Duksa* v. *Middletown,* 173 Conn. 124, 127, 376 A.2d 1099 (1977); *Wedig* v. *Brinster,* 1 Conn. App. 123, 130–33, 469 A.2d 783 (1983), cert. denied, 192 Conn. 803, 472 A. 2d 1284 (1984). In this case, the trial court found that, when asked about the sump hole, the defendants had a duty to disclose the flooding incident of 1977. The court's further finding that such nondisclosure was fraudulent is supported by the circumstances in this case and cannot be disturbed by us on appeal.

The trial court's findings and conclusions of fact cannot be reviewed by us on appeal. We will not retry the issues or re-examine the credibility of witnesses. Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). The trial court's findings as to liability were not clearly erroneous.

The defendants assert that the trial court erred in finding damages without sufficient evidence to support them. Our review indicates that the award of $1750 was based on the evidence and was well within the court's discretion. *Chykirda* v. *Yanush,* 131 Conn. 565, 568, 41 A.2d 449 (1945). A trial court's exercise of discre-

tion will not be interfered with unless the exercise was a manifest abuse of discretion. *Sturman* v. *Socha,* 191 Conn. 1, 7, 463 A.2d 527 (1983).

Our examination of all the evidence in this case fails to disclose that the trial court acted other than in accordance with the law in its findings as to liability and damages.

There is no error.