[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the instant proceeding, the New Milford Savings Bank (hereafter "Bank") filed a five count complaint seeking, inter alia, to foreclose an open-ended mortgage executed by Hillside Development and Construction Co., Inc. (hereafter "Hillside"), in conjunction with two promissory notes in the amount of $193,000.00 and $213,000.00, and a construction contract for two lots, numbered 2 and 12. In accordance with this arrangement, the Bank allegedly advanced $130,000.00 to Hillside as a principal "paydown" regarding the initial loan advance of $65,000 for lots 2 and 12. In count three of the complaint, the Bank also named various defendants, including Joseph and Kathleen Sylvestri, Steven and Maria DeMarco, and Candlewood Hills Tax District, all of whom claim an interest in the lots by virtue of a written agreement with Hillside.
In addition to the above defendants, in the fourth and fifth counts of the complaint, the Bank alleges that the defendants, Dennis Currier and Leonard Abramowitz, each owed the Bank the sum of $25,000.00, as evidenced by two demand notes, payable to the Bank or order. Pursuant to the terms of the notes, the $25,000.00 was due in the event Hillside defaulted on the underlying building loan agreement. Therefore, since Hillside was in default of the loan agreement, the Bank demanded payment of the notes.
On February 22, 1993, the Bank filed a request for leave to amend the complaint, adding five counts that seek to reform "the loan documents of June 10, 1992 to reflect the real agreement of the parties to include a $65,000 principal CT Page 3961 paydown on the land out of the construction loan notes and funds for each of the two lots 2 and 12, for a total paydown of $130,000," which Hillside now claimed was not included as part of the loan documents.
Any defect, mistake or informality in the writ, complaint or petition may be amended and a plaintiff may insert new counts in the complaint during the first thirty days after the return date. Practice Book, Sec. 175; General Statutes, Sec. 52-128. Thereafter, a party may amend by order of the court, by written consent of the adverse party, or by filing a request for leave to file the amendment with the amendment appended. Practice Book, Sec. 176.
 Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. . . . It is within the discretion of the trial court to grant or deny an amendment, and a decision to deny an amendment during trial will not be disturbed unless there is a clear abuse of that discretion.
(Emphasis added.) Lo Sacco v. Young, 20 Conn. App. 6, 17-18. In this proceeding, the Bank filed the action on October 1, 1992, the parties have conducted substantial discovery, including depositions, and the parties have filed a multitude of pleadings. It is inconceivable to suggest that the amendment will not result in a lengthy delay of the trial. The claim for reformation is complex and will require substantial discovery and responsive pleading.
Interestingly enough, the Bank does not cite any authority for including a reformation count in a foreclosure action. However,
 [m]ost commonly, reformation is needed in connection with an incorrect property description. That is, the mortgage deed contains a description that deviates from the actual interest thought by CT Page 3962 the parties to be subject to the mortgage. If the discrepancy is discovered prior to the commencement of a foreclosure, it is a simple matter to add a second count to the complaint, seeking a reformation of the mortgage sought to be foreclosed in the first count. Judgment for reformation can enter immediately prior to the judgment of foreclosure, with the latter judgment properly containing the description as reformed.
D. Caron, Connecticut Foreclosures, Sec. 4.13 (1989).
The Bank in this situation does not seek to reform the mortgage deed to accurately reflect the description of the property, but seeks to reform the entire written agreement between the parties. This is not a simple matter of adding a second count, but is a matter of adding complex and confusing allegations that will require extensive discovery, responsive pleading, and litigation, resulting in delay, as well as causing the parties to incur additional expenses.
The court must and does recognize that "[t]he appropriateness of joining a foreclosure action with another type of relief was established in Norwalk Shores Realty Co. v. Clark, 126 Conn. 688, where the Supreme Court sanctioned the joinder of a count for foreclosure of a mortgage with a count to set aside a claimed fraudulent conveyance." D. Caron, Connecticut Foreclosures, Sec. 4.13 (1989). However, even if the court were to recognize the addition of another type of relief in a foreclosure action, as in Clark, the facts in Clark are distinguishable because the plaintiff in Clark joined the two distinct causes of action at the inception of the suit, which neither surprised the defendant, nor delayed the trial.
The motion for permission to amend the complaint is, accordingly, denied.
Moraghan, J. CT Page 3962-A