[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Beat Zahner, brings this action seeking the reformation of a promissory note entered into with the defendant, Joseph Schiano, and the reformation of a mortgage deed which was conveyed to the plaintiff by Schiano as security for the note. The mortgaged property is a gas station owned and operated by Schiano and located on Connecticut Avenue in Norwalk. The plaintiff also seeks to foreclose on the mortgage. Also named as defendants are Gulf Oil Company, John LoRusso, and the United States of America, CT Page 11251 all of whom allegedly have encumbrances on Schiano's property which are subordinate to the plaintiff's mortgage.
In a three count complaint filed on March 17, 1994, the plaintiff alleges that on October 10, 1986, the plaintiff and Schiano executed a commercial loan agreement pursuant to which the plaintiff loaned $340,000.00 to Schiano. The plaintiff alleges that on this date Schiano executed an adjustable rate promissory note (attached as Exhibit "A" to the complaint) as well as an "open-end mortgage deed with adjustable rate rider" as security for the loan (attached as Exhibit "B" to the complaint).
The plaintiff alleges that at the time that he and Schiano executed the loan agreement they agreed and intended that the interest rate on the promissory note and the mortgage deed would be the weekly average yield on United States Treasury securities (referred to as the "index" by the parties) plus seven and one-half (7.5) percentage points. The plaintiff alleges that due to either the parties' mistake or a "scrivener's error," the promissory note and mortgage deed both set forth the interest rate as two and one-half (2.5) percentage points above the "index." The plaintiff further alleges that on August 18, 1993, he gave Schiano notice of the mistake in the rate of interest and a calculation of the correct amount that was due, and that Schiano has refused to pay the additional amount that is owed to the plaintiff.
In the first count of the complaint, the plaintiff seeks a reformation of the promissory note based on allegations of mutual mistake. In the second count, the plaintiff seeks reformation of the promissory note based on allegations of a unilateral mistake by the plaintiff, "scrivener's" error, and inequitable conduct and fraud on the part of Schiano. In the third count, the plaintiff seeks to foreclose on the mortgage note and the accompanying deed.
Defendant Schiano has now filed a motion (#107) to strike. "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1); see also Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all well pleaded facts; Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985); which are then construed in the light most favorable to the pleader. Blancato v. Feldspar,203 Conn. 34, 36, 522 A.2d 1235 (1987). "If facts provable in the CT Page 11252 complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862 (1992).
There is a procedural issue raised by the plaintiff in opposing Schiano's motion to strike. Schiano's motion to strike states that he moves to strike "the first, second and third counts of the plaintiff's complaint . . . on the grounds that the plaintiff has failed to state a claim upon which relief may be granted in each of these counts." The plaintiff objects to the motion to strike on the ground that it does not comply with the form mandated in Practice Book § 154.
"`Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself.'" Morris v. HartfordCourant Co., 200 Conn. 676, 683 N.5, 513 A.2d 66 (1986). Where the movant fails to specify the distinct reasons for the claimed insufficiency in its motion to strike, the motion is "fatally defective." See Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4,594 A.2d 1 (1991).
Since the plaintiff objects to the form of the motion, and since Schiano fails to specify in his motion the reasons for the claimed insufficiencies, Schiano's motion may properly be denied on the ground that it is not in compliance with Practice Book § 154. However, an analysis of the substantive issues raised in Schiano'smotion to strike, produces the same result. The motion to strike the first count is based on the ground that the plaintiff has failed to allege the existence of a mutual mistake. Schiano argues that the plaintiff alleges only that the note and mortgage were prepared by the plaintiff's attorney and that the mistake was committed by the plaintiff or his agents or employees.
"[M]utual mistake exists where both parties are mutually mistaken about the same material fact." Dainty Rubbish Service,Inc. v. Beacon Hill Assn., Inc., 32 Conn. App. 530, 537,630 A.2d 115 (1993). "A mutual mistake is one that is common to both parties and effects a result that neither intended." Lopinto v.Haines, 185 Conn. 527, 532, 441 A.2d 151 (1981).
A review of the first count indicates that the plaintiff has alleged that a mutual mistake was made by himself and Schiano with CT Page 11253 respect to the interest rate of both the note and the mortgage, and that neither party intended the rate to be only 2.5 percentage points above the "index." Thus, the plaintiff has alleged a legally sufficient claim of mutual mistake and Schiano's motion to strike is denied as to the first count.
In support of his motion to strike the second count, Schiano argues that the plaintiff's claim of unilateral mistake, coupled with allegations of fraudulent or inequitable conduct on the part of Schiano, fails to state a legally sufficient cause of action. Schiano argues that while the plaintiff alleges that Schiano failed to disclose a known fact (i.e., the allegedly improper interest rate which was inserted into both the note and the mortgage), the plaintiff has failed to allege that Schiano had a duty to disclose this fact to the plaintiff's agents and employees.
"`Reformation is . . . available in equity when the instrument does not express the true intent of the parties owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other.'" Harlach v. Metropolitan Property Liability Ins. Co., 221 Conn. 185, 191, 602 A.2d 1007 (1992). "The [defendant's] knowledge is an element of both fraudulent misrepresentation and fraudulent concealment." Siudyla v. ChemExecRelocation Systems, Inc., 23 Conn. App. 180, 185, 579 A.2d 578 (1990). "The crux of a fraudulent nondisclosure is a failure to disclose known facts and . . . a request or an occasion or circumstance which imposes a duty to speak." (Internal quotation marks omitted.) Marchand v.Presutti, 7 Conn. App. 643, 645, 509 A.2d 1092 (1986). Generally, "mere silence is not actionable in a transaction in which the parties deal at arm's length unless the circumstances or the existence of a confidential relationship gives rise to a duty to speak." Francheyv. Hannes, 152 Conn. 372, 378, 207 A.2d 268 (1965).
 [U]nder certain circumstances, there may be as much fraud in a person's silence as in a false statement. . . . Mere nondisclosure, however, does not ordinarily amount to fraud . . . . It will arise from such a source only under exceptional circumstances . . . To constitute fraud on that ground, there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak.
(Citations omitted.) Egan v. Hudson Nut Products, Inc., 142 Conn. 344,347, 114 A.2d 213 (1955). "To be actionable for fraud, the nondisclosure must be by a person intending or expecting thereby to CT Page 11254 cause a mistake by another to exist or to continue, in order to induce the latter to enter into, or refrain from entering into, a transaction." Bridge-Mile Shoe Corporation v. Liggett Drug Co.,142 Conn. 313, 319, 113 A.2d 863 (1955).
In support of his claim for reformation, the plaintiff alleges that Schiano had knowledge based on the parties' prior negotiations that the interest rate stated in the note and mortgage was not the rate that the parties' had orally agreed upon prior to the October 10, 1986 execution of the note and mortgage. The plaintiff alleges in paragraph 11 of the second count that "Schiano acted fraudulently by taking advantage of plaintiff's absence when the documents were signed by not informing the employees, agents or servants of plaintiff who were present of the mistake."
While the plaintiff does not allege that Schiano had a duty to disclose the mistake to the plaintiff's agents, the plaintiff alleges that Schiano had knowledge of the mistake, along with factual circumstances which may impose a duty to speak upon Schiano. Even if the allegations do not constitute a legally sufficient fraud claim, they give rise to a legally sufficient claim of "inequitable conduct" on the part of Schiano. Such "inequitable conduct" on the part of Schiano, when coupled with an allegation of a unilateral mistake by the plaintiff, supports a claim for reformation of the note and mortgage. See Harlach v.Metropolitan Properly Liability Ins. Co., supra, 221 Conn. 191. Accordingly, Schiano's motion to strike the second count of the plaintiff's complaint is denied.
In support of his motion to strike the third count, which asserts a foreclosure claim, Schiano argues that the reformation sought by the plaintiff in the first and second counts constitutes a material change in the terms of the note and mortgage. Schiano argues that it is "undisputed" that he has been paying the note according to its current terms. Schiano further argues that if the note and mortgage are reformed to reflect the higher interest rate, he would then be in default and would be deprived of his opportunity to cure the default.
In moving to strike the third count, Schiano does not directly challenge the legal sufficiency of the plaintiff's foreclosure claim, or the propriety of simultaneously asserting an action that seeks reformation of a mortgage (and a note) and an action that seeks to foreclose on that mortgage. In any event, there is no prohibition against this type of pleading. See Norwalk Shores Realty Co. v. Clark, CT Page 11255126 Conn. 688, 691, 14 A.2d 34 (1940).
The plaintiff alleges in the third count that Schiano is in default. For purposes of ruling on the present motion to strike, this allegation is deemed to be admitted. Mingachos v. CBS, Inc., supra, 196 Conn. 108. To determine whether or not Schiano is in default would require this court to consider facts outside of the pleadings. Likewise, any other equitable issues raised by Schiano in his motion (i.e., the issue of whether Schiano would be deprived of the opportunity to cure his default) would require the court to consider facts outside of the pleadings. A motion to strike which imports facts from outside the pleadings is an improper speaking motion to strike. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 (Super.Ct. 1979). See also Tilo v.Fishman, 164 Conn. 212, 213, 319 A.2d 376 (1972). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.)Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Id. Accordingly, Schiano's motion to strike the third count of the plaintiff's complaint is also denied.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of November 1994.
WILLIAM BURKE LEWIS, JUDGE