[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO AMEND COMPLAINT
This matter originally came before the court as an ordinary foreclosure action. On the eve of the trial, the defendant filed an answer and special defense. Subsequently, the plaintiff filed the present motion seeking to amend its complaint so as to meet the objections contained in the defendant's special defense.
The defendant Oliwa owned three separate parcels of land located in the Town of Oxford and identified as Parcels B, C and D. The plaintiff Derby Savings Bank was the recipient of a note and mortgage from the defendant with the mortgage securing parcels B and C when in fact the parties intended that parcels C and D were to be the security for the note. Subsequently, it is alleged by the defendant that defendant's counsel, becoming aware of the error, filed a corrected deed correcting the description of the property and recorded the deed without any further attestation on the land records of the Town of Oxford. It is this second mortgage deed that is the subject of the initial complaint. The first mortgage deed remains of record.
The amended complaint has been brought in two separate counts and seeks to foreclose the first recorded mortgage deed with its incorrect description. In this complaint, however, the plaintiff has added a count to reform this deed which as reformed is alleged to be the property which the mortgage intended to cover.
The defendant objects to the amendment and argues that to grant the motion would allow the plaintiff to add a new count that would cause undue delay and would be unfair to the defendant herein. The arguments of the defendant the court finds to be without merit. In fact, the defendant concedes that to allow the amendment is discretionary with the court citing Saphis v.Newstadt, 177 Conn. 191.
In the case of Norwalk Shore Realty Co. v. Clark, 126 Conn. 688, our Supreme Court sanctioned the joinder of a count for the foreclosure of a mortgage with a count to set aside a claimed fraudulent conveyance. See also Caron Connecticut Foreclosures,
Section 4-13. CT Page 5370-D
Since both counts of the proposed amended complaint lie in equity, the court is of the opinion that in the interest of judicial economy it is appropriate to include a count in reformation with the foreclosure count.
The plaintiff's Motion to Amend its complaint is hereby granted.
The Court
By Curran, J.