[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs are Nova Dye Print Corp. ("Nova"), Daniel McGee and Salomon Smeer. The defendant is Victor Winogradow. This action arises out of a disputed settlement agreement between the parties, in which the individual plaintiffs attempted to buy out the defendant's interest in Nova.
In 1992, McGee, Smeer and Winogradow formed Nova, a closely-held corporation, and acted as its directors, officers and equal one-third stockholders. At some point prior to November 1997, Nova owned real property located at 313 Mill Street, Waterbury, Connecticut ("Mill Street property") and ran the corporation from this sole place of business. CT Page 5910
In November of 1997, McGee, Smeer and Winogradow formed 313 Mill Street Associates, LLC, and transferred Nova's property interest in the Mill Street property to 313 Mill Street Associates, LLC. The sole asset of 313 Mill Street Associates, LLC is the Mill Street property. The Mill Street property continued to serve as Nova's sole place of business.
On September 2, 1998, McGee and Smeer removed Winogradow from his position as officer and director of Nova. On September 9, 1998, Winogradow filed a complaint against Nova, McGee and Smeer, alleging that he had been improperly removed as an officer and director. The parties reached a settlement agreement before the Superior Court, Judge West, on October 7, 1998, in which McGree and Smeer agreed to buy out the defendant's interest in Nova. On November 6, 1998, the settlement agreement and mutual releases were executed.
On July 12, 1999, the plaintiffs filed a four count amended complaint against the defendant for breach of this settlement agreement. The plaintiffs allege that the defendant failed to transfer all of the defendant's interest in Nova, including his interest in the Mill Street property, to McGee and Smeer pursuant to the agreement. In COUNT ONE, the plaintiffs seek specific performance of the settlement agreement and request that the defendant transfer his interest in the Mill Street property to the plaintiffs. In COUNT TWO, the plaintiffs seek reformation of the settlement agreement based on a theory of mutual mistake. In COUNTTHREE, the plaintiffs seek reformation of the settlement agreement based on a theory of unilateral mistake coupled with inequitable conduct or fraud on the part of the defendant in executing the agreement. In COUNTFOUR, the plaintiffs seek recission of the settlement agreement and restitution of the benefits conferred under the settlement agreement because there was no meeting of the minds and thus, no valid contract between the parties.
On December 12, 2000, the defendant filed a motion for summary judgment on the ground that he is entitled to judgment as a matter of law as to all counts of the amended complaint because there is no genuine issue as to any material facts. The defendant specifically argues that summary judgment should be granted as to the first count of the amended complaint because the agreement, as written, does not purport to dispose of the Mill Street property. In addition, the defendant argues that summary judgment should be granted as to the remaining counts because the plaintiffs, as a matter of law, cannot meet their burden of persuasion. The defendant filed a memorandum in support of his motion as well as several exhibits, including a sworn affidavit of Winogradow and the verified complaint from Winogradow v. McGee, judicial district of Waterbury (September 9, 1998), with an authenticated copy of the bylaws of Nova and an authenticated copy of a notice of the Nova directors' CT Page 5911 special meeting attached.[1]
The plaintiffs timely filed a memorandum in opposition to the motion for summary judgment, along with a copy of the settlement agreement and mutual releases (plaintiffs' exhibit A),[2] the sworn affidavits of McGee (plaintiffs' exhibit B), Smeer (plaintiffs' exhibit C), Fred W. Krug (co-counsel for the plaintiffs in the prior lawsuit between the parties) (plaintiffs' exhibit D), and Thomas J. Sansone (co-counsel for the plaintiffs in the prior lawsuit) (plaintiffs' exhibit E).[3]
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000). In deciding such a motion, the Court's sole task is to determine whether genuine issues of material fact exist, not to resolve those issues on the merits. The existence of a genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence, and not by "[m]ere assertions of fact." Maffucci v. Royal ParkLtd. Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998). "It is well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Nolanv. Borkowski, 206 Conn. 495, 505, 538 A.2d 1031 (1988).
 I. Count One — Specific Performance
The defendant argues that the settlement agreement contains unambiguous language and settles all the disputes or claims each party may have with regard to Nova. The defendant further argues that because the settlement agreement does not purport to dispose of the Mill Street property, the plaintiffs' specific performance claim must fail as a matter of law. In response, the plaintiffs argue that a genuine issue of material fact exists because the settlement agreement contains no definitive language as to whether it includes the Mill Street property, and because the settlement agreement is ambiguous as to the parties' intent on this issue. CT Page 5912
"Absent . . . definitive contract language, the trial court's interpretation of a contract, being a determination of the parties' intent, is a question of fact. . . ." Tremaine v. Tremaine, 235 Conn. 45,57, 663 A.2d 387 (1995). "The construction of a contract is usually a question of fact because the interpretation of its language is a search for the intent of the parties, making contractual intent a classic questions of fact." Foley v. Huntington Company, 42 Conn. App. 712, 730,682 A.2d 1026, cert. denied, 239 Conn. 931, 683 A.2d 397 (1996); see alsoFour D's, Inc. v. Mattera, 25 Conn. App. 308, 312, 594 A.2d 484 (1991).
The relevant portions of the settlement agreement contain the following provisions: (1) the parties "have agreed to settle all disputes between them, including the claims made in the case, on the terms and conditions set forth herein;" (settlement agreement, p. 1); (2) the mutual agreement to release each other of "any and all claims . . . demands . . . agreements . . . contract . . . accounts, offsets, rights, actions and causes of action in connection with or resulting from any action or inaction by Releasee in his capacity as an employee, officer, director or stockholder of Nova . . . (Defendant's release, p. 1; plaintiffs' release, p. 1); and (3) "[t]he only comment that the parties shall make with respect to the subject matter hereof is that they have amicably settled their disputes, with [McGee and Smeer] purchasing all of [Winogradow's] interest in Nova and with [Winogradow] having left Nova to pursue other business ventures." (Settlement agreement, p. ¶¶ 16). The agreement is silent, however, on the Mill Street property and 313 Mill Street Associates, LLC.
The settlement agreement does not contain definitive language as to the scope of the settlement agreement. Specifically, it is ambiguous as to what constitutes "all claims," "all disputes," and "all of [Winogradow's] interest in Nova." Therefore, a genuine issue of material fact exists as to whether the parties intended the settlement agreement to include the defendant's interest in the Mill Street property. The parties have submitted conflicting affidavits as to the scope, purpose and intent of the settlement agreement. According to the defendant, he understood and believed that the buyout did not include his interest in the Mill Street property. (Defendant's exhibit of Winogradow's affidavit). According to the plaintiffs, they both understood, intended and believed that the buyout of the defendant included the defendant's interest in the Mill Street property. (Plaintiffs' exhibit B, ¶ 6; plaintiffs' exhibit C, ¶ 6). Because questions of intent are factual inquires, they are inappropriate for the motion for summary judgment. The court, therefore, denies the defendant's motion for summary judgment as to count one.
 II. Count Two — Mutual Mistake
CT Page 5913
The defendant argues that his motion for summary judgment should be granted as to count two because the plaintiffs have failed to allege any facts to support their theory of mutual mistake. Specifically, the defendant argues that he knew the agreement failed to include the Mill Street property and he chose to remain silent. In response, the plaintiffs argue that a genuine issue of material fact exists regarding the parties' motive and intent at the time of the settlement agreement. Specifically, the plaintiffs argue that both parties forgot that Nova's interest in the Mill Street property had been transferred to 131 Mill Street Associates, L.L.C. The plaintiffs further argue that, despite the statements made by the defendant, the trier of fact could conclude that the defendant forgot that the Mill Street Property had been transferred and intended to transfer all his interest in this property to the plaintiffs.
The equitable doctrine of mutual mistake permits the parties to reform an instrument when it does not conform to the agreement and intent of the parties. Lopinto v. Haines, 185 Conn. 527, 531, 441 A.2d 151 (1981). "Reformation is appropriate in cases of mutual mistake — that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction." (Internal quotation marks omitted.) Harlach v. MetropolitanProperty Liability Insurance Co., 221 Conn. 185, 190, 602 A.2d 1007
(1992); see also Lopinto v. Haines, supra, 185 Conn. 532. Whether the parties are mutually mistaken is a question of fact. Inland Wetlands Watercourses Agency v. Landmark Investment Group, Inc., 218 Conn. 703,708, 590 A.2d 968 (1991). Extrinsic evidence is admissible to show the parties' true intent in executing a contract in the case of fraud, duress or mistake. Erickson v. Erickson, 246 Conn. 359, 373-76, 716 A.2d 92
(1998).
The parties dispute over whether a mutual mistake occurred during the execution of the settlement agreement. This is a question of fact for the trier of fact to determine and is inappropriate for summary judgement.Inland Wetlands Watercourses Agency v. Landmark Investment Group, Inc.,218 Conn. 703, 708, 590 A.2d 968 (1991). The plaintiffs allege that the parties made a mutual mistake by forgetting that the Mill Street property had been transferred to 313 Mill Street Associates, L.L.C. The defendant argues that there was no mutual mistake committed in the course of the settlement agreement because he made no mistake and understood the settlement agreement as not including the Mill Street property. (Defendant's exhibit of Winogradow's affidavit, ¶ 20.) In opposition, the plaintiffs argue that, despite the statements made by the defendant, summary judgment should not be granted because the trier of fact could conclude that the defendant forgot that the Mill Street CT Page 5914 Property had been transferred and intended to transfer all his interest in this property to the plaintiffs.
The plaintiffs submitted several affidavits to provide an evidentiary foundation to demonstrate the existence of genuine issues of material fact. The affidavits state the following facts: (1) during settlement discussions, copies of Nova's financial statements from December 31, 1997 were attached to a mediation statement submitted to Judge Pellegrino and showed that the Mill Street property was an asset of Nova; (plaintiffs' exhibit D, ¶ 9); (2) the defendant's lawyer made no comment about the representation on Nova's balance sheet that Nova owed the Mill Street Property; (plaintiffs' exhibit D, ¶¶ 9-11 and plaintiffs' exhibit E, ¶¶ 9-11); (3) the defendant had reason to know that the plaintiffs wanted to have no further dealings with him with regard to Nova, including the Mill Street property; (plaintiffs' exhibit B, ¶ 8); (4) the defendant failed to disclose the potential issue surrounding the ownership of the Mill Street property despite the plaintiffs' inquiry into additional undisclosed issues that would affect the settlement agreement; (plaintiffs' exhibit D, ¶¶ 12-13 and plaintiffs' exhibit E, ¶ 12-13); (5) the defendant made no demands upon the plaintiffs in connection with 313 Mill Street Associates, L.L.C., until six months after the settlement was executed; (plaintiff's exhibit E, ¶ 15); (6) the defendant failed to inform his own counsel that Nova did not own the Mill Street property; and (7) the defendant or his counsel never informed the plaintiffs or their attorneys that the Mill Street property was not owned by Nova; (plaintiffs' exhibit D, ¶¶ 6-8 and plaintiffs' exhibit E, ¶¶ 6-8).
The parties have submitted factually conflicting affidavits to support their positions surrounding the execution of the settlement agreement. The court finds that genuine issues of material fact exist as to the parties' intent in executing the agreement. Whether a mutual mistake was committed in the execution of the settlement agreement in this case is a question of fact that needs to be determined based on the parties' intent. Such a factual question is not appropriate for summary judgment. Furthermore, genuine issues of material fact exist as to whether a mutual mistake, a unilateral mistake or no mistake occurred during the execution of the settlement agreement. The defendant's motion for summary judgment as to count two is denied because the defendant fails to meet its burden of showing the absence of any genuine issue of material fact.
 III. Count Three — Unilateral Mistake coupled with Fraud
The defendant argues that the court should grant the motion for summary judgment as to count three, which alleges unilateral mistake coupled with fraud and/or inequitable conduct because: (1) the plaintiffs cannot prove CT Page 5915 fraud; (2) the plaintiffs cannot prove that the settlement agreement betrays the true intentions of the parties; and (3) the plaintiffs assumed the risk of any mistake because their counsel drafted the agreement. In opposition, the plaintiffs argue that genuine issues of material fact exist surrounding whether the defendant's conduct was inequitable for the following two reasons: (1) the defendant did not disclose material information to the plaintiffs or to his own counsel, who drafted the settlement agreement; and (2) the defendant failed to disclosure the status of the Mill Street property despite the plaintiff's specific requests for information that would affect the agreement.
"[R]eformation is also available in equity when the instrument does not express the true intent of the parties owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other. . . ." (Citation omitted.) Harlach v. MetropolitanProperty Liability Insurance Co., supra, 221 Conn. 191. "Where, unknown to one of the parties, an instrument contains a mistake rendering it at variance with the prior understanding and agreement of the parties, and the other party learns of this mistake at the time of the execution of the instrument and later seeks to take advantage of it, equity will reform the instrument so as to make it conform to the prior understanding." (Internal quotation marks omitted.) Homeowners' LoanCorp. v. Stevens, 120 Conn. 6, 11, 179 A. 330 (1935).
"The crux of a fraudulent nondisclosure is a failure to disclose known facts and . . . a request or an occasion or circumstance which imposes a duty to speak." (Internal quotation marks omitted.) Marchand v.Presutti, 7 Conn. App. 643, 645, 509 A.2d 1092 (1986). Generally, "mere silence is not actionable in a transaction in which the parties deal at arm's length unless the circumstances or the existence of a confidential relationship gives rise to a duty to speak." Franchey v. Hannes,152 Conn. 372, 378, 207 A.2d 268 (1965). "[U]nder certain circumstances, there may be as much fraud in a person's silence as in a false statement. . . . Mere nondisclosure, however, does not ordinarily amount to fraud. . . . It will arise from such a source only under exceptional circumstances . . . To constitute fraud on that ground, there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak. . . . To be actionable for fraud, the nondisclosure must be by a person intending or expecting thereby to cause a mistake by another to exist or to continue, in order to induce the latter to enter into or refrain from entering into a transaction." (Citations omitted.) Egan v. Hudson Nut Products, Inc.,142 Conn. 344, 347-48, 114 A.2d 213 (1955).
The court finds that there are genuine issues of material fact as to whether the defendant owed a duty to disclose material information and CT Page 5916 whether the alleged nondisclosure was fraudulent.
Reformation of the settlement agreement in this case is inappropriate for summary judgment because it requires a determination of material issues of fact regarding intent, mistake, fraud and inequitable conduct. The parties submitted factually conflicting affidavits to support their positions surrounding the execution of the settlement agreement. The court finds that a genuine issue of material fact exists as to whether a unilateral mistake coupled with fraud and/or inequitable conduct affected the execution of the settlement agreement. Consequently, the court denies the defendant's motion for summary judgment as to count three.
 IV. Count Four — Rescission and restitution
The plaintiffs allege in count four that a valid contract was never effected between the parties because there was no meeting of the minds on the material issue of whether the defendant would retain his ownership interest in the Mill Street property under the terms of the settlement agreement. The defendant argues that summary judgment should be granted as to this count because this count "merely seeks an alternative remedy to reformation of the contract on the grounds of either mutual or unilateral mistake" and summary judgment should be granted as to the mutual and unilateral mistake counts. (Defendant's memorandum, p. 15-16.) In opposition, the plaintiffs argue that genuine issues of material fact exist as to issues of intent.
"To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. . . . To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties. . . . If the minds of the parties have not truly met, no enforceable contract exists. . . . [A]n agreement must be definite and certain as to its terms and requirements. . . . So long as any essential matters are left open for further consideration, the contract is not complete. (Internal quotations marks omitted.) Geary v. Wentworth Laboratories,60 Conn. App. 622, 627, 760 A.2d 969 (2000), citing, LR Realty v. Connecticut National Bank,53 Conn. App. 524, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984
(1999). "Meeting of the minds is defined as mutual agreement and assent of two parties to contract to substance and terms. It is an agreement reached by the parties to a contract and expressed therein, or as the equivalent of mutual assent or mutual obligation. . . . This definition refers to fundamental misunderstandings between the parties as to what are the essential elements or subjects of the contract." (Citation omitted; internal quotation marks omitted.) Sicaras v. City of Hartford,
CT Page 591744 Conn. App. 771, 784, 692 A.2d 1290, cert. denied, 241 Conn. 916,696 A.2d 340 (1997). "If there has been a misunderstanding between the parties, or a misapprehension by one or both so that their minds have never met, no contract has been entered into by them." Hoffman v.Fidelity Casualty Co., 125 Conn. 440, 443-44, 6 A.2d 357 (1939).
The court finds that count four is inappropriate for summary judgment because genuine issues of material fact exist surrounding whether the minds of the parties met at the time the execution of the settlement agreement. Specifically, that a genuine issue of material fact exists regarding whether the parties intended the same terms of the contract.
For the reasons set forth herein above, the court denies the defendant's motion for summary judgment in its entirety because genuine issues of material fact exist as to each of the claims raised by the plaintiffs.
Joseph W. Doherty, Judge